124 So.2d 273

**Vashtie LEASHORE**

**v.**

**STATE.**

**2 Div. 22.**

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Denied Nov. 1, 1960.

Pitts & Pitts and Cecil C. Jackson, Jr., Selma, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted of possessing prohibited liquors or beverages.

The evidence introduced by the State tends to show that several officers, armed with a search warrant, went to the home of the appellant on an afternoon in the first week of July 1959.

Entering one of the rooms Mr. Ben Scroggins, an agent of the Alabama Alcoholic Beverage Control Board, found the appellant asleep on a bed. He awakened the appellant, executed the search warrant, and proceeded to search the room.

As Mr. Scroggins was pulling a piece of furniture away from the wall the appellant left the room and walked down the hallway. When this piece of furniture was pulled out a trap in the wall was disclosed. The wall was made of ceiling board, and two of the boards had been sawed in such a manner that they could be slipped back and forth. Opening the trap the officer discovered six one-half gallon jars and two pints of moonshine whiskey therein.

Another similar trap concealed by a piece of furniture was discovered in an adjoining bedroom. Some four gallons of moonshine whiskey in various size containers were removed from this trap. A third trap similarly constructed was found in yet another room, though no whiskey was found therein.

When Mr. Scroggins discovered the whiskey in the trap, the appellant was called back to the bedroom. As she came down the hallway, and before reaching the room, she was protesting that the whiskey did not belong to her.

Stella Davis, who was in the house when the officers arrived, also came up to the room where the whiskey had been found. She stated that the whiskey belonged to her. When asked who she was and what work she did, she gave her name and stated that she worked for the appellant as a maid.

The evidence introduced by the defense was directed toward showing that the house in which the whiskey was found had been deeded to a son and a daughter of the appellant.

As a witness in her own behalf, the appellant strenuously denied any knowledge of or interest in the whiskey found in the two traps. She also testified that the room in which she was lying at the time the officers entered, and in which one of the traps containing whiskey was found, was a room occupied by Stella Davis, but into which the appellant had gone temporarily in order to get the benefit of an electric fan.

However, on cross-examination the appellant testified that she and her husband had deeded the house to their son and daughter back in 1946. The appellant had continued to reside in the house, to pay the taxes thereon in her own name, and according to her own statement was "the boss" of the house. The daughter named in the deed did not reside in the house.

The appellant denied that Stella Davis worked for her, but testified that she had

lived in the house for some twelve years. No further light was shed upon the status that she may have occupied, that is, whether she lived there as a boarder, friend, or an employee.

The only point involved in this appeal is whether or not the evidence is sufficient to support the verdict and judgment returned and entered.

■ Since the appellant was not in actual or manucaptioned possession of the liquor at the time it was found, possession, if any, must arise from a constructive possession deduced from her control of the house wherein the liquor was found. Under such circumstances the State, to sustain a conviction, must show, in addition to the constructive possession, a guilty knowledge of the presence of the beverage. As in all criminal prosecutions the guilty knowledge or scienter, on the part of the accused, must be fastened upon him by a showing of facts or circumstances enabling a jury to conclude beyond a reasonable doubt that the accused knew of the presence of prohibited liquors on his premises. Franks v. State, 28 Ala.App. 132, 179 So. 649; Grimes v. State, 38 Ala.App. 94, 76 So.2d 684.

In the Grimes case, supra, we gave a thumbnail sketch of the facts in a number of selected cases in effort to show some of the principles threaded through the welter of decisions concerning what constitutes a constructive possession of prohibited beverages. We will not again reiterate those principles.

■ We think the evidence establishes beyond peradventure that this appellant was in possession and control of the house wherein the prohibited liquor was found. We need therefore consider only whether or not the facts and circumstances are sufficient to have justified the jury in concluding beyond a reasonable doubt that this appellant had knowledge of the prohibited beverages.

■ The requisite element of a guilty scienter may be established by circumstantial evidence. Pate v. State, 32 Ala.App. 365, 26 So.2d 214; Emerson v. State, 30 Ala.App. 89, 1 So.2d 604.

In this connection the State showed (1) that the premises were in the possession and control of the appellant; (2) that illicit whiskey was found in two traps constructed in the walls of the bedroom of the house, each trap being concealed by a piece of furniture, with marks on the floor indicating that the pieces of furniture had been frequently pulled away from the wall; (3) the appellant's protestations as she came down the hallway to the effect that she did not own the whiskey, and this before she entered the room where the whiskey was found in the trap.

■ All of the above we think was ample to sustain the verdict and judgment of guilt.

■ While Stella Davis attempted to exonerate the appellant by claiming the ownership of the whiskey, the credibility of her testimony was for the jury. Apparently by their verdict the jury saw fit to reject her testimony. See Porch v. State, 38 Ala.App. 565, 89 So.2d 694.

Affirmed.