170 So.2d 287

Charles **POSEY**

v.

**STATE.**

8 Div. 961.

Court of Appeals of Alabama.

Dec. 15, 1964.

Bryce U. Graham, Tuscumbia, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant stands convicted of possessing prohibited alcoholic beverages. Trial was by the court without a jury.

The evidence presented by the state tends to show that the defendant operated a cafe called the Knotty Pine, in Colbert County, Alabama. In a search of defendant's premises law enforcement officers found several pints of bourbon and vodka forty steps from the west side of the building and one pint of whiskey ten feet from a barbecue pit. The defendant testified his property line on the west side was 43 feet from the building and stated the barbecue pit

was located right on the line, on the front of the highway. No evidence was presented by the state showing the property boundary lines.

The defendant denied any knowledge of or interest in the prohibited liquors.

In finding the defendant guilty the court stated:

"By your own admission the barbecue pit is on your property and it was testified that some whiskey was found at the barbecue pit and legally it is presumed it belonged to you. It was not proven satisfactorily that the other whiskey 40 paces from the building was on the property. It was not disproven that it was your whiskey other than by your testimony. You being the defendant, your testimony has to be weighed against the fact that it was on your property and you should have known it was there."

■ The rule is stated in Scott v. City of Troy, 24 Ala.App. 453, 136 So. 432, as follows:

"It has many times been held that the mere finding of a bottle containing prohibited liquor upon the premises of a person, without any evidence tending to connect such person with the possession thereof, and without any evidence of guilty scienter, is not sufficient upon which to sustain a conviction for the possession thereof."

See also Chancellor v. State, 29 Ala.App. 613, 199 So. 749; Leashore v. State, 41 Ala. App. 128, 124 So.2d 273; Grimes v. State, 38 Ala.App. 94, 76 So.2d 684.

The whiskey was found on premises frequented by the public and there was no evidence tending to connect the defendant with its possession.

■ Under the facts and circumstances the court erred in overruling the motion for a new trial.

Reversed and remanded.