208 So.2d 804

**Louis TERRY**

**v.**

**STATE.**

**8 Div. 132.**

Court of Appeals of Alabama.

March 5, 1968.

Rehearing Denied April 2, 1968.

J. N. Powell, Jr., Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Asst. Atty. Gen., for the State.

## PER CURIAM.

Appellant was convicted by the County Court of Lawrence County, Alabama, for the offense of having in his possession illegally, prohibited liquors and the court sentenced him to six months at hard labor and twenty-one additional days in lieu of court costs. From said conviction and judgment, this appeal is made.

On January 30, 1967, Harlon "Pete" Rutherford, Sheriff of Lawrence County, Alabama, swore out an affidavit stating that he "has probable cause for believing and does believe" that appellant had prohibited liquors illegally in his possession.

Deputy Sheriff Ray Fleming of Lawrence County testified as a witness for the State that he accompanied the sheriff to appellant's "home and premises" on January 30, 1967, and searched the premises. Fleming stated that he found five pints of bonded whiskey—three of vodka and two of bourbon, which he identified in court, and that they were found "on the defendant's premises." The witness stated that the whiskey was found northwest of a little house in front of appellant's house, with "a. path leading out from his house" to the little house; that another path from the little house to the spot where the whiskey was, found was discovered; that the sheriff also found some whiskey on the same occasion "back from the back of Louis's [appellant's] house;" and that a path led to the spot where the liquor was found.

On cross-examination, Deputy Fleming stated that he did not know where appellant's land lines were located and that if the whiskey was not on appellant's premises, it was at least "real close;" that the little house where he found the whiskey was uninhabited but that appellant said "it was his. house," though appellant did not live in it; that he (Fleming) found the five pints of whiskey "15 or 20 yards" from the little house; and that he "couldn't say" if it was on appellant's property or not. Fleming also testified that he did not see appellant with the liquor in his possession or in possession of the liquor found by the sheriff, and that it was "about 40 yards" from the spot where he found the whiskey to the highway.

Harlon "Pete" Rutherford, Sheriff of Lawrence County, testified that he obtained a search warrant for the premises of appellant and had it in his possession at the time of the search. The sheriff identified State's Exhibit No. 1 as the warrant he had on that occasion, and which he returned to the Justice of the Peace. Appellant objected to this exhibit in that it did not describe

appellant's residence. The court overruled this objection.

The sheriff stated that he did not see Deputy Fleming find the five pints of liquor, but that the "nearest occupied house" to where the liquor was found was that of appellant. The five pints of liquor were introduced into evidence as State's Exhibit No. 2, over appellant's objection.

Sheriff Rutherford also testified that he found fifteen pints of vodka and two fifths of sherry wine "east of" appellant's house, about "200 yards;" and that a path ran from the place where the liquor was found to appellant's house. The witness testified that this liquor was found in a direction leading away from the public road.

On cross-examination, the sheriff testified that he searched appellant's house, the empty little house and the house-trailer; that he found no more liquor; that the liquor which he found was "about 50 feet" from appellant's house; that he thought the liquor was on appellant's land; that it was "100 yards or more" from where the five pints of liquor were found to the highway and that appellant cooperated in the search of his house.

On redirect examination, the sheriff testified that there was no fence between the place the liquor was found and appellant's dwelling.

Upon being recalled as a witness, Deputy Fleming testified that no fence was between appellant's house and the spot where he found the five pints of liquor.

Mr. Ray Mills testified on behalf of appellant that he (the witness) used the path across appellant's property to get to "the store" from his house and to the highway, and that his children also use the path. He stated that "thickets" or "pines" are where the liquor was found on appellant's property.

On cross-examination, Mills stated that the path from appellant's house did not go to the highway, but stopped in the thicket, or just beyond, where the liquor was found; that he had never seen a deed to appellant's land, but that appellant had shown him the "land lines." Mills also stated that he had frequently seen appellant's "adopted father" under the influence of alcohol.

Appellant testified in his own behalf that the sheriff showed him the search warrant and asked to "look me over" and that he (appellant) granted such permission; that the house was searched, then the little house and the grounds. Appellant testified that Deputy Fleming left his land and went onto the property of some other people (land from appellant's property to the highway) after he (the deputy) had gone about "five steps" from appellant's empty little house; and that the liquor found by the deputy was "two or three hundred yards" from appellant's property. Appellant also stated that his father had been an alcoholic for several years and had brought whiskey home several times. Appellant denied owning the whiskey in question.

The question is raised by appellant as to whether or not the combination of the place the liquor was found and the knowledge of it was sufficient to create possession of this liquor by appellant. The State argues, by Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, cert. den. 241 Ala. 141, 1 So.2d 605, that this "guilty scienter" may be established by circumstantial evidence. However, this court, through Price, P. J., stated in Posey v. State, 42 Ala.App. 518, 170 So.2d 287, as follows:

> "The rule is stated in Scott v. City of Troy, 24 Ala.App. 453, 136 So. 432, as follows:
>
> > 'It has many times been held that the mere finding of a bottle containing prohibited liquor upon the premises of a person, without any evidence tending to connect such person with the possession thereof, and without any evidence of guilty scienter, is not sufficient upon which to sustain a conviction for the possession thereof.'

"See also Chancellor v. State, 29 Ala. App. 613, 199 So. 749; Leashore v. State, 41 Ala.App. 128, 124 So.2d 273; Grimes v. State, 38 Ala.App. 94, 76 So.2d 684."

The evidence, as shown by the record, showed differing testimony as to whether this liquor was, in fact, actually on the property of appellant when found. There was also no testimony to refute appellant's contention that he had no knowledge of this liquor.

The case of Pate v. State, 32 Ala.App. 365, 26 So.2d 214, states that two kinds or conditions of possession, as applied to violation of the prohibition laws, exist: "(1) Actual or manucaptional possession, (2) Constructive or possession by physical dominion or control." See also Roach v. State, 39 Ala.App. 271, 97 So.2d 837.

 It was undisputed that appellant did not have actual possession of the liquor by manucaption. The State must, therefore, rely upon the theory of constructive possession. We, thus, feel that the State must prove guilty knowledge before conviction, as stated in Grimes v. State, 38 Ala.App. 94, 76 So.2d 684;

"* * * where possession of the beverage is constructive, the State, to sustain a conviction, must show, in addition to the constructive possession, a guilty knowledge of the presence of the beverage. And, as in all criminal prosecutions the guilty knowledge, or scienter, on the part of the accused, must be fastened upon him by a showing of facts or circumstances enabling a jury to conclude beyond a reasonable doubt that the accused knew such fact. This for the reason that verdicts and judgments of guilt in criminal cases cannot rest upon speculation, surmise, or suspicion."

See also Spencer v. State, 40 Ala.App. 93, 109 So.2d 756, cert. den. 268 Ala. 699, 109 So.2d 758; Davis v. State, 40 Ala.App. 609, 119 So.2d 236; Adkins v. State, 38 Ala.App. 659, 93 So.2d 519, cert. den. 265 Ala. 666, 93 So.2d 522.

In our opinion, this guilty knowledge was not so "fastened" upon appellant as to fall within the purview of Grimes v. State, supra.

Reliance was placed upon "paths" between the dwelling of appellant and the sites where the liquor was found. It was also shown, however, that others used these paths upon occasions, and they were not within exclusive control of appellant. The Alabama law on this point was stated by Cates, J., in Parker v. State, 40 Ala.App. 244, 112 So.2d 493, cert. den. 269 Ala. 699, 112 So.2d 496, as follows:

"* * * Alabama has never been committed to the 'beaten path' doctrine (in locations not exclusively under defendant's control), as a matter of circumstance, which alone can convict without proof of some act of guilty knowledge."

For the foregoing reasons we feel that the judgment in this cause is due to be and the same is hereby

Reversed and remanded.