QUESTIONS: 1. Does s. 397.20(1), F.S., authorize a licensed drug program to request reimbursement for clients received from HRS Division of Corrections? 2. Could licensed drug abuse programs request reimbursement under s. 397.20(1), F.S., if the Division of Corrections received court orders directing treatment for clients under s. 397.13(1), F.S.?
SUMMARY: The Division of Corrections has no authority to refer persons to licensed drug abuse programs under ss. 397.12 and 397.13, F.S.; therefore, such programs cannot claim reimbursement under s. 397.20(1), F.S., and the disbursement of moneys from the drug abuse trust fund for such purposes is unauthorized. The authority for referring persons to licensed drug abuse programs under ss. 397.12 and 397.13 is vested in the courts. Based on the doctrine of separation of powers, the judicial branch cannot order an executive agency to refer a person to a drug rehabilitation program once the person has been committed to the custody and control of the agency. The act does not authorize the division to refer any person to, or require participation in, a drug rehabilitation program. AS TO QUESTION 1: Your answer to question 1 is in the negative. The legislative intent, which is the primary factor of importance in construing statutes, must be determined from the language of the statute. State v. Atlantic Coast R. Co.,47 So. 696 (Fla. 1908). A statute is to be taken, construed, and applied in the form enacted. Blount v. State, 102 Fla. 1100
(1931). This is so because the legislature must be assumed to know the meaning of words and to have expressed its intent by use of words found in the statute. Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918). In other words, if the language is clear and admits of only one meaning, the legislature should be held to have intended what is plainly expressed. It was the expressed intent of the legislature in enacting s. 397.10, F.S., to: . . . encourage trial judges to use their discretion to refer persons charged with, or convicted of, violation of laws relating to drug abuse or violation of any law committed under the influence of a narcotic drug or medicine to a state-licensed drug rehabilitation program in lieu of, or in addition to, imposition of criminal penalties. (Emphasis supplied.) In order to facilitate the referral of patients to licensed drug abuse programs the legislature created a drug abuse trust fund. The purpose of the fund is stated in s. 397.18, F.S., which states: Drug abuse trust fund. — There is created within the Department of Health and Rehabilitative Services a drug abuse trust fund for the purpose of reimbursing drug rehabilitation programs for expenses of treating persons referred to the program under the provisions of ss. 397.10397. 20. Any trust funds not expended at the end of the state's fiscal year shall revert to the general revenue fund. (Emphasis supplied.) Section 397.20, supra, merely provides for the reimbursement of a licensed drug rehabilitation program for the expense incurred in treating referred persons as prescribed by ss. 397.10-397.20, F.S. (referred to hereafter as "the act"). The authority to make referrals under the statute is provided in s. 397.12, F.S., which states: Reference to drug abuse program. — When any person, including any juvenile, has been charged with, or convicted of, violation of any provision of chapter 398 (Uniform Narcotic Drug Law), chapter 404 (Florida Drug Abuse Law) or of a violation of any law committed under the influence of a narcotic drug or medicine, the court having jurisdiction over that person may, in its discretion and in lieu of, or in addition to, final adjudication, imposition of any penalty or sentence, or any other similar action, require the person charged or convicted to participate in a drug rehabilitation program licensed by the department under the provisions of this chapter. If the accused desires final adjudication, his constitutional right to trial shall not be denied. The court may consult with, or seek the assistance of, any agency, public or private, or any person concerning such a referral. Assignment to a drug program will be contingent upon budgetary consideration and availability of space. (Emphasis supplied.) It is a rule of statutory construction that where the language of the statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion to resort to the rules of statutory construction to ascertain the legislative intent. Van Pelt v. Hilliard, supra; Air Douglass, Inc. v. McRainey, 137 So. 157 (Fla. 1931); Voorhees v. Miami,199 So. 749 (Fla. 1940); Wagner v. Butts, 88 So.2d 611 (Fla. 1956). In the above statutory language, the legislature has specifically stated the authority of the court in its discretion to make referrals to drug rehabilitation programs at any point during the adjudicatory proceedings. Further indication of this plain meaning is found in s. 397.13(1), F.S., which establishes the procedure for referrals. This section states in part: 397.13 Procedures. — (1) The order of referral of any person under the provisions of s. 397.12 shall be in writing and shall be signed by the court. The order shall specify the name and address of the drug rehabilitation program to which the person is referred, the date upon which the person's participation in the program shall commence, and the maximum length of time the person may be required to participate in the program. In no event shall the total time of such penalty, probation, and program participation exceed the maximum length of sentence possible for the offense of which the person is charged or convicted. Reading s. 397.12, supra, in conjunction with s. 397.13, supra, it is clear that the legislature intended that referrals to licensed drug abuse programs be made by judicial authority only. Expressio unius est exclusio alterius. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Thus, referrals by other agencies of government under this act are unauthorized. A drug rehabilitation program receiving clients by referral from such unauthorized agencies would not be authorized or entitled to claim reimbursement under s. 397.20(1), supra. Disbursements from the drug abuse trust fund would also be unauthorized, since disbursements would be limited to those participating drug rehabilitation programs authorized and provided for by the act. The legislature has expressly stated its intent that referrals under the provisions of the act should be made by judicial authorities. On no less than three occasions, the statute makes specific reference to the authority of the court to refer persons to licensed drug abuse programs, and it must be concluded that the legislature intended to limit the authority for making such referrals to judicial authorities only. Therefore, I find no authority for the Division of Corrections to refer persons to a licensed drug abuse program under ss. 397.12 and 397.13, F.S., since such referrals are limited to trial judges or courts of competent jurisdiction. Consequently, I find no authority to claim reimbursement for expenses of participation of referred persons in licensed drug abuse programs receiving persons referred to such programs by the Division of Corrections under s. 397.20(1), F.S., since such referrals would not fall within the provisions of the act. AS TO QUESTION 2: Based on my discussion in the answer to question 1 that only a court may make referrals to a licensed drug abuse program under ss. 397.10-397.20, F.S., if a court ordered the referral of a person under the provisions of ss. 397.12 and 397.13 prior to being committed to the custody of the Division of Corrections and following imposition of sentence for treatment at a licensed drug rehabilitation program, such program would be entitled to claim reimbursement under s. 397.20(1) if otherwise qualified to participate in the drug abuse trust fund under the terms of the act. Once the court has imposed sentence and the person has been committed to an agency of the executive branch of government, judicial labor has come to an end. Marsh v. Garwood,65 So.2d 15 (Fla. 1953). In Marsh it was held that a court having jurisdiction of the defendant in a criminal proceeding may order probation after a defendant has been convicted, but it has no jurisdiction or power to place a defendant on parole for that is strictly a function of the executive branch of the government to be exercised only after the defendant has been convicted and sentenced. Based on the doctrine of separation of powers discussed in this case, the judicial branch cannot order an executive agency (corrections) to refer any person to a drug rehabilitation program once the person has been committed to the custody and control of the agency. Section 945.12(1), F.S., specifically provides that "[t]he division may transfer addicted, insane, tuberculous, or other prisoners requiring specialized medical treatment to an appropriate institution." (Emphasis supplied.) However, persons referred to qualified drug programs under the above provision cannot be reimbursed from the drug abuse trust fund since such referrals must conform to the guidelines established in ss. 397.12 and 397.13, supra. If a particular power is not expressly conferred or cannot be fairly implied from powers expressly conferred, it should not be exercised. State v. Fowler,105 So. 733 (Fla. 1925); Ideal Farms Drainage District v. Certain Lands, supra; City of Pensacola v. Fillingim, 46 So.2d 876 (Fla. 1958); AGO's 073-374, 074-37, and 074- 49. Moreover, statutory authority given to administrative officers must be exercised in accordance with the requirements of controlling provisions and principles of law. Edgerton v. International Company, Inc., 89 So.2d 488 (Fla. 1956). Therefore, I am of the opinion that a court cannot issue an order directing the Division of Corrections to refer persons to a licensed drug abuse program when sentence has been imposed and the person has been committed to the custody and control of the Division of Corrections. Such an order would violate the principle of separation of powers between the executive and judicial branches of government. The Division of Corrections is not authorized under ss. 397.10- 397.20, F.S., to refer any person to drug abuse programs since such referrals are limited to the exclusive jurisdiction of the courts. If the Division of Corrections receives a court order referring a person under provision of ss. 397.12 and 397.13, and this person has been committed to the custody of the division following imposition of sentence for treatment at a licensed drug rehabilitation program, such program would be entitled to claim reimbursement under s. 397.20(1), but such referral would be one made by the court and not the division. Thus, licensed drug abuse programs cannot claim reimbursement from the drug abuse trust fund provided in s. 397.20(1) for referrals made by the Division of Corrections. The act does not authorize the division to refer any person to, or require participation in, a drug rehabilitation program.