299 So.2d 343

**Billy James SENN**

v.

**STATE.**

**7 Div. 265.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

**298**

Bell & Lang, and William A. Short, Jr., Sylacauga, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Asst. Atty. Gen., for the State, appellee.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, in forma pauperis here and in the nisi prius, appeals from a judgment entered pursuant to a jury verdict convicting him of grand larceny. The trial court imposed a sentence of six years imprisonment. Appointed counsel represents the defendant on this appeal.

The indictment charges the defendant with larceny of a Cutlass Oldsmobile automobile of the value of, to-wit: $1,900.00, the personal property of Terry Martin and Jeanette Martin.

It appears that Terry Martin, a young man in his early twenties, met the defendant through friends in Birmingham and invited him to his (Martin's) home in Sylacauga, where he remained as a guest of Martin and his mother. He stayed with them for about two weeks. Senn was jobless and about thirty-one or thirty-two years old. Terry Martin and Senn, at the end of the two weeks, moved into an apartment, which Senn rented for their occupancy. Senn took the Oldsmobile with him to the apartment. Senn continued to look for work and was allowed on occasions to use the automobile in his search for employment. In about one month, Senn moved out of the apartment. Martin did not allow him to use the automobile after he moved out.

On August 24, 1972, Martin parked the automobile behind his apartment and took the keys with him. He did not lock the car doors. Martin testified that when he got up the next morning, August 25, 1972, the automobile was gone; that he did not authorize Senn to take the car on the night of August 24, 1972 or in the early morning hours of August 25 of that same year. The value of the car was established at the trial to be $1,900.00, and it was shown to be the property of Terry Martin and his mother under a purchase agreement. Terry Martin was only twenty years of age when the automobile was purchased.

Janet Sue Griffith was next called as a witness by the state. It appears from her testimony that on August 25, 1972, she was only eleven years of age; that she was born on October 6, 1960; that she lived

with her mother and father and other members of her family.

This child became acquainted with the defendant, Senn, several weeks prior to August 24 and 25, 1972. She was with him on the night of August 24, 1972, and accepted his invitation to meet him at the Martin apartment and go to Texas with him to see his mother. She testified that the defendant directed her to meet him about 12:30 on the morning of August 25, 1972.

This invitation was extended while Janet was with him at her home on the night of August 24, 1972. The witness further testified that sometime before midnight she crawled out the window of her home and met the defendant alone as directed.

She further testified that Senn had an Oldsmobile there which she had seen Terry Martin driving; that she knew that it was Terry Martin's car. Senn asked her if she was ready. She replied yes, "guess so." Senn had a laundry bag and she had a suitcase.

The witness further testified that Senn did not have a key to the automobile; that Senn raised the hood, put some wires together, and then the car cranked; that they then left and went to Tennessee, where Senn had a key made for the car. The witness testified that they stopped at Crossville, Tennessee, where Senn got a job with a carnival; that they went with the carnival to Union City, Tennessee, and then to Fayetteville, Tennessee; that they left the Oldsmobile in Fayetteville from which point they left in a van which Senn had bought in Union City. They travelled in several states.

It appears in the evidence that the Oldsmobile was picked up in Fayetteville, Tennessee by a Sylacauga officer and brought back to Sylacauga, Alabama, where the owner Terry Martin lived. It further appears that the Sheriff picked up Senn in Oklahoma City, Oklahoma where the FBI apprehended him. Senn was returned to Talladega County.

A sister of Janet testified that on the night before Janet left, she heard Senn say that "he was going to take Terry Martin's car and that if he didn't let him have it, he was going to take it anyway." He did not say where he was going in it.

Jess Griffith, a brother of Janet, testified that about one week before his sister left, the defendant told him that if Terry Martin did not let him borrow his car, "He would steal it." This witness further testified that the defendant asked him to go with him to Texas, but that his mother would not let him go.

At the conclusion of the state's testimony and after the state rested, the defendant moved to exclude the testimony. The court denied the motion.

The defendant called Steve Hammonds as a witness, who testified about the association of Terry Martin and the defendant, and the defendant's use of the Oldsmobile on occasions.

We note here that Janet Griffith, on cross-examination, testified that she was present at her home on August 25, 1972, at which time there were present her brother James, her sister Shelia, and the defendant; that she did not hear the defendant say that he was going to take Terry Martin's car, and if Terry Martin did not let him have it he would take it anyway.

The defendant did not take the witness stand, neither did he submit any written charges for the court to consider, nor did he except to the oral charge of the trial court. But in response to the court's question about the charge, he said he was satisfied. The defendant did not file a motion for a new trial.

It is a contention of the defendant that Janet Sue Griffith, the key witness for the state, was an accomplice and that her evidence was uncorroborated as required by Title 15, § 307, Recompiled Code 1958. This section reads:

"Testimony of accomplices; must be corroborated to authorize conviction of

felony.— A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

■ It is to be noted that at the time of the alleged theft and the elopement, Janet Sue Griffith was only eleven years old. The law presumes that an infant of that age does not possess sufficient mental capacity to commit a felony. The charge against the defendant here involved is a felony. This presumption is rebuttable by clear evidence of a mischievous disposition or of knowledge of good and evil. Such question is ordinarily for the jury. Key v. State, 4 Ala.App. 76, 58 So. 946; Blocker v. State, 40 Ala.App. 658, 120 So.2d 924.

■ An infant under the age of seven years is conclusively presumed incapable of committing a crime, while one between the age of seven and fourteen is presumed incapable in the absence of proof of capacity. Darden v. State, 12 Ala.App. 165, 68 So. 550.

The defendant offered no evidence to displace the presumption that the witness was incapable of being an accomplice therefore a principal in the perpetration of the theft. Blocker v. State, supra; Key v. State, supra; Title 14, § 14, Recompiled Code 1958.

We wish here to note that Title 13 § 363, Recompiled Code 1958, provides inter alia that whenever a child under sixteen years of age is brought before a magistrate or any court in the court, such magistrate or court shall forthwith by proper order transfer the case to the Juvenile Court. Such Juvenile Court under Title 13, § 364, Recompiled Code 1958, has authority, under certain factual conditions, to re-transfer such child under fourteen years of age to any other court having jurisdiction of the offense. But if a child is more than

fourteen no such authority to re-transfer to another court having jurisdiction of the offense is provided. Berry v. State, 209 Ala. 120, 95 So. 453.

■ There being no evidence sufficient to overturn the presumption that the witness, Janet Sue Griffith, did not have the required mental capacity to commit a felony, her testimony against the defendant was not subject to the defendant's objection, or the motion to exclude, because she was an accessorial principal or was an accomplice without corroboration as required by law. Title 15, Section 307, supra. We pretermit determining the existence or absence of evidence relative to such corroboration.

We find no ruling in the record that justifies a reversal of this case. The judgment is affirmed.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.