Joseph Lee Sellers is a 12-year-old boy who lives with his parents and goes to school in Cullman County, Alabama. A city police officer saw him get off a school bus at the intersection of 1-65 and Highway 278. Young Sellers got into the driver's seat of a Buick automobile and drove out onto the highway. The police officer testified that he saw the tires spin and observed Sellers pull in front of another vehicle and weave onto the wrong side of the road. Officer Sandlin pursued Sellers for about 1/4 of a mile and then stopped him. He asked him for a driver's license and then discovered he was 12 years old. It was then decided to place young Sellers under arrest and take him to the police station. Another officer drove the Buick to the Cullman Police Station and on the way opened the closed console in the car and discovered a "Clerk First" pistol. After getting to the police station, officers found in the trunk of the car one-fifth of a liter of rum, three-fourths of a bottle of vodka, a half-bottle of sloe gin, and a full bottle of Cella white wine.
It turned out that Joseph Lee Seller's father, Lemuel Joel Sellers, was the owner of the Buick. He had instructed his son to drive the automobile to the place where he could catch the school bus and to drive it home again in the evening. The elder Sellers said not only did the automobile belong to him, but also the pistol and the alcoholic beverages. The statement of fact in the appellant's brief that "Joseph had no knowledge that either the pistol or the alcoholic beverages were in the Buick automobile," is not disputed by the assistant attorney general, who says, "Appellant's statement of facts is substantially correct and is hereby adopted by appellee. Any additional facts necessary to appellee's argument will be contained therein."
At the conclusion of the hearing for the juvenile court, Sellers was found guilty, not of being delinquent, but rather of a book full of misdemeanors; he was found guilty of driving without a license and sentenced to 6 months' probation and fined $52; guilty of violation of the prohibition law, and sentenced to 6 months' probation and fined $60; guilty of possession of a pistol without a license and sentenced to 6 months' probation and fined $60; and guilty of reckless driving and sentenced to 6 months' probation and fined $25 and assessed $52 costs. This proceeding was conducted, not as a juvenile proceeding, but as a bench trial of four misdemeanor cases. *Page 542 
Different standards of proof apply in juvenile proceedings. We have applied the standards that would apply in any other criminal proceeding because the case was conducted as a trial for misdemeanor violations and resulted in misdemeanor convictions, fines, and penalties.
On appeal, appellant contends through counsel that the evidence was insufficient as regards both the possession of the alcohol and the possession of a pistol; that the pistol should not have been admitted into evidence; and that a judgment of acquittal should have been granted at the close of all the evidence on the grounds that Sellers was under 14 and therefore not responsible for his actions. He further argues that the court erred in allowing the district attorney to amend the complaint by changing the description of the pistol from a Smith Wesson to a "Clerk First."
 I
We will first address appellant's contention that the evidence was insufficient to convict him of violating the prohibition law.
In Terry v. State, 44 Ala. App. 356, 208 So.2d 804 (1968), it was held:
 "The mere finding of a bottle containing prohibited liquor upon the premises of a person, without any evidence tending to connect such person with the possession thereof, and without any evidence of guilty scienter, is not sufficient upon which to sustain a conviction for the possession thereof. Posey v. State, 42 Ala. App. 518, 170 So.2d 287. Where possession of the beverage is constructive, the State, to sustain a conviction, must show, in addition to the constructive possession, a guilty knowledge of the presence of the beverage. And, as in all criminal prosecutions the guilty knowledge, or scienter, on the part of the accused, must be fastened upon him by a showing of facts or circumstances enabling a jury to conclude beyond a reasonable doubt that the accused knew such fact. Grimes v. State, 38 Ala. App. 94, 76 So.2d 684; Evans v. State, 39 Ala. App. 404, 103 So.2d 40; Id. 267 Ala. 695, 103 So.2d 44."
Guilty knowledge or scienter on the part of the accused as to the existence of the liquor must be established in order to support a conviction for illegal possession. Temple v. State,366 So.2d 740 (Ala.Cr.App. 1978); Clayton v. State, 22 Ala. App. 276,114 So. 787 (1927).
A careful review of the record fails to reveal a showing of facts or circumstances which would enable a jury to conclude beyond a reasonable doubt that the appellant knew of the presence of the liquor in the trunk of the car as required inTerry. The evidence instead points to the very great likelihood that the liquor was placed in the trunk by the boy's father, Lemuel Joel Sellers, and that the appellant had no knowledge of its presence. At trial, Lemuel Sellers testified that he was the owner of the car, that he placed the liquor in the trunk, and that he had instructed his son to drive the car to the school bus stop that morning and home that afternoon when the school bus let him off.
Upon these facts we find that there was insufficient evidence to convict appellant of a violation under § 28-4-2, Code of Alabama 1975, because of a failure to establish in any way his knowledge of the presence of the liquor.
Therefore, appellant's conviction in Case Number JV-84-355 is due to be reversed and judgment rendered for the appellant.
 II
Appellant also contends that there was insufficient evidence to convict him on the charge of possession of a concealed weapon without a license under § 13A-11-73, Code of Alabama 1975.
Section 13A-11-73 provides as follows:
 "No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefore as hereinafter provided."
Appellant contends that in order to prove that he violated this statute, the state had to establish that he (1) carried a pistol, (2) in his vehicle, (3) without a license. He *Page 543 
admits that the state proved the first two elements but contends that they then failed to establish that he had no license.
In Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App. 1979), this court held that the evidence was sufficient to support a conviction for possession of a concealed weapon without a license because the "State proved (1) that the defendant's address was in Birmingham, Alabama, (2) that he did not have a license to carry a pistol issued by the Sheriff of Jefferson County, and (3) that he was carrying a pistol (4) concealed on his person." This court went on to note that the Sheriff of Jefferson County was the only designated official who could issue a license to the defendant and that proof that he did not issue a license to the defendant was sufficient, without proof from all other counties of non-issuance, to support the conviction. Therefore, testimony that the sheriff in the county of the defendant's residence had not issued a license to the defendant was held to be an essential element in determining that the evidence was sufficient to support a conviction.
In the instant case, the state put forth no proof to establish that the appellant had not been issued a license by the Sheriff of Cullman County. The appellant is correct in his contention that in a criminal case, the burden of proof is upon the state to establish every element of the crime charged and that no burden rests on the defendant to prove his innocence.Finney v. State, 348 So.2d 876 (Ala.Cr.App.), cert. denied,348 So.2d 878 (Ala. 1977); White v. State, 294 Ala. 265,314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288
(1975); Gilbert v. State, 30 Ala. App. 214, 3 So.2d 95
(Ala.Ct.App. 1941).
The state failed to establish that the appellant had not been issued a license in Cullman County. Without such proof a material element of the crime was not proven. We therefore find that the appellant's conviction in Case Number JV-84-356 is due to be reversed and judgment rendered for the appellant.
 III
The appellant contends that the trial court committed reversible error in refusing to grant his motion for judgment of acquittal on all four complaints on the grounds that he was a minor under 14 years of age and not responsible for his actions.
Section 13A-3-3, Code of Alabama 1975, reads as follows:
 "The prosecution of any person as an adult shall be barred if the offense was committed when the actor was less than 14 years old."
The commentary to this section reads:
 "Under this section prosecution as an adult for specific crime is barred if defendant was less than 14 years old, which is consistent with general juvenile court law. Such view abrogates the common-law presumption of lack of responsibility of a child between seven and 14, and makes incompetency conclusive."
This code section, enacted in 1977, substantially changes Alabama law with respect to responsibility for criminal acts. It takes away the possibility that the state might, through presentation of clear evidence of a mischievous disposition or knowledge of good and evil, prove capacity. This was the rule under Senn v. State, 53 Ala. App. 297, 299 So.2d 343
(Ala.Cr.App. 1974); Blocker v. State, 40 Ala. App. 658,120 So.2d 924 (Ala.Ct.App. 1960); and numerous other cases. Accordingly, under this section the convictions for possession of the pistol and violation of the prohibition law would have to be reversed even if evidence of their commission had been sufficient.
The judgment of the juvenile court as to all four convictions is due to be, and it is hereby, reversed and judgment rendered for the appellant.
REVERSED AND RENDERED.
All the Judges concur. *Page 544