Certiorari was granted to review the judgment of the Court of Criminal Appeals, which held that the hearing on this juvenile court petition was a bench trial for alleged misdemeanors when,inter alia, the resulting adjudication was accompanied by fines imposed and probation. We hold that the opinion of the Court of Criminal Appeals was in error. Accordingly, we reverse the judgment of that court and remand the cause for an order consistent with this opinion.
The facts which gave rise to the petition in the juvenile court are sufficiently set forth in the opinion of the Court of Criminal Appeals. 507 So.2d 540.
The juvenile court petition, on standard forms, identified Joseph Lee Sellers, and charged, inter alia, that:
 "The said child is delinquent in that said child did carry a pistol to wit:.32 Smith Wesson 2" Barrel Serial # 11000 in a vehicle or concealed on or about his person, not on his own land, or his own abode or fixed place of business, without a license therefor in violation of § 13A-11-73 of the Code of Alabama, in said county within the past twelve months, against the peace and dignity of the State of Alabama.
 "The said child is also in immediate or threatened danger of physical and/or emotional harm in that [this space on the form was left blank] and he should be removed immediately."
The petition further charged:
 "The said child is delinquent in that said child did operate a motor vehicle upon a public highway in said County and State carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or to be likely to endanger any person or property in violation of § 32-5A-190 of the Code of Alabama, in said county within the past twelve months, against the peace and dignity of the State of Alabama.
 "The said child is also in immediate or threatened danger of physical and/or emotional harm in that [this space on the form was left blank] and he should be removed immediately."
Having compared the averments of the petition with the jurisdictional requirements of Code of 1975, § 17-15-52, we find that the juvenile court had jurisdiction to *Page 545 
conduct the hearing that subsequently took place. Cf. Miller v.Alabama Department of Pensions Security, 374 So.2d 1370
(Ala.Civ.App.), cert. quashed, 374 So.2d 1378 (Ala. 1979). Moreover, the record contains relevant and material evidence of one of the acts on the basis of which he was alleged to be a delinquent. It was shown that this twelve-year-old unlicensed child drove a motor vehicle onto a public highway, traveled across oncoming lanes of traffic, nearly causing a collision with another vehicle, and then cut back into oncoming traffic.Cf. Code of 1975, § 32-5A-190.
Having found that this child committed an act alleged in the petition, the trial court was not in error in declaring him a delinquent child and placing him on probation in the custody of his father, § 12-15-71(c)(1). Additionally, under § 12-15-71(c)(5), the juvenile court was specifically authorized, in its discretion, to impose only a fine of $25 and costs of $52. Thus, the statute utilized by the Court of Criminal Appeals, § 13A-3-3, was inappropriate, because the record clearly discloses that the cause from inception to conclusion was treated not as a criminal prosecution, but as a juvenile proceeding, and that the juvenile was not sentenced as a convicted offender but treated as a juvenile delinquent under the applicable law. For these reasons, the judgment of the Court of Criminal Appeals is reversed and this cause remanded to that court for review consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.