EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an appeal by a juvenile defendant from the juvenile court’s adjudication that the defendant was in need of supervision in that he illegally possessed a can of beer.
The evidence regarding the defendant’s constructive possession of the beer was presented by two witnesses, a police officer, and the defendant.
The police officer testified that, at approximately 11:00 p.m. on a particular night, he drove onto a certain avenue and observed from fifteen to twenty juveniles in the street who then scattered in different directions. Several of the juveniles threw beer under a vehicle which was parked on the side of the street. Besides throwing beer under the car, they could have thrown it into the car. The defendant and three other juveniles entered that vehicle. The officer proceeded to the parked vehicle to ascertain if it contained any alcoholic beverages. The officer found two cans of beer in the front seat and one can on the floorboard of the back seat. The defendant was sitting on the back seat. The defendant was neither the owner nor the driver of the car. The officer never observed the defendant with any alcohol in his hand. After they arrived at the police department, the four juveniles stated that a white female had placed the beer in the vehicle after they got into it.
The defendant testified that he was fifteen years of age. He stated that at no time when he was at the party did he have any alcoholic beverages in his hand or possess or purchase any, although all of the others were drinking. He observed that some of the people at the party had some beer. He swore that he had not seen the beer in the car, nor did he know that it was there, until the police arrived and shined their flashlights upon the floorboard. The defendant was not at the party very long because he went to a pay telephone. The defendant and his three friends were preparing to leave when the officer drove up. At that time, the defendant was walking around on the other side of the car.
Both the prosecution and the defendant recognize the rule that the presence of a defendant in an automobile that contains alcoholic beverages is not sufficient in and of itself to establish constructive possession or knowledge of the presence of the prohibited beverages. If there *934 is no actual possession, the State must show not only constructive possession of prohibited beverages by the defendant but that the defendant had guilty knowledge of the presence of the beverage. Such guilty knowledge must be fastened upon a defendant by a showing of facts or circumstances that enable the trier of facts to conclude beyond a reasonable doubt that the defendant knew of the presence of the beverage. The State cites Terry v. State, 44 Ala.App. 356, 208 So.2d 804 (1968), and the defendant cites Cason v. State, 435 So.2d 200 (Ala.Crim.App.1983), and Sellers v. State, 507 So.2d 540 (Ala.Crim.App. 1985), rev’d on other grounds, 507 So.2d 544 (Ala.1986).
The learned trial court erred in adjudging the defendant to be in need of supervision because the evidence in this case was insufficient to authorize a finding that the defendant was in constructive possession of the beer and that he had knowledge of its presence. Accordingly, the final judgment of the trial court is reversed and a judgment is hereby rendered in the defendant’s favor. Sellers, 507 So.2d at 543 and 545.
Because this case must be reversed for the above reason, we pretermit a decision on the other two issues which were raised by the defendant.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.