TAYLOR, Judge.
The appellant, D.K.F.,[1] a minor, was adjudicated delinquent on the underlying offense of carrying a pistol in a vehicle without a license in violation of § 13A-11-73, Code of Alabama 1975. The appellant was committed *49 to the Department of Youth Services and was placed on probation.
Officer Kenneth Parham of the Birmingham Police Department was the only witness presented at the appellant’s delinquency hearing. The state’s evidence tended to show that on November 25, 1993, at 2:45 a.m., Officer Parham stopped the appellant’s vehicle because one of his headlights was not functioning. When Officer Parham asked the appellant for his driver’s license, the appellant said that he did not have a driver’s license. Officer Parham then asked the appellant to step out of the car. At that point, Parham noticed a pistol on the driver’s side floorboard of the vehicle. Officer Parham asked the appellant to sit in his patrol car. He then went back to the vehicle and seized the pistol along with some loose ammunition that was lying in the ashtray and that was visible to him.
The appellant’s contention on appeal is that the evidence was insufficient to support a finding of delinquency. Specifically, he contends that the state failed to prove an element of its case.
The appellant contends, and the state concedes, that the appellant’s adjudication of delinquency should be reversed on the authority of Sellers v. State, 507 So.2d 540 (Ala.Cr.App.1985), rev’d on other grounds, 507 So.2d 544 (Ala.1986), on remand, 507 So.2d 545 (Ala.1987). In that case this court found:
“Appellant also contends that there was insufficient evidence to convict him on the charge of possession of a concealed weapon without a license under § 13A-11-73, Code of Alabama 1975.
“Section 13A-11-73 provides as follows:
“ ‘No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.’
“Appellant contends that in order to prove that he violated this statute, the state had to establish that he (1) carried a pistol, (2) in his vehicle, (3) without a license. He admits that the state proved the first two elements but contends that they then failed to establish that he had no license.
“In Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App.1979), this court held that the evidence was sufficient to support a conviction for possession of a concealed weapon without a license because the ‘State proved (1) that the defendant’s address was in Birmingham, Alabama, (2) that he did not have a license to carry a pistol issued by the Sheriff of Jefferson County, and (3) that he was carrying a pistol (4) concealed on his person.’ This court went on to note that the Sheriff of Jefferson County was the only designated official who could issue a license to the defendant and that proof that he did not issue a license to the defendant was sufficient, without proof from all other counties of non-issuance, to support the conviction. Therefore, testimony that the sheriff in the county of the defendant’s residence had not issued a license to the defendant was held to be an essential element in determining that the evidence was sufficient to support a conviction.
“In the instant case, the state put forth no proof to establish that the appellant had not been issued a license by the Sheriff of Cullman County. The appellant is correct in his contention that in a criminal ease, the burden of proof is upon the state to establish every element of the crime charged and that no burden rests on the defendant to prove his innocence. Finney v. State, 348 So.2d 876 (Ala.Cr.App.), cert. denied, 348 So.2d 878 (Ala.1977); White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975); Gilbert v. State, 30 Ala.App. 214, 3 So.2d 95 (Ala.Ct.App.1941).
“The state failed to establish that the appellant had not been issued a license in Cullman County. Without such proof a material element of the crime was not proven. We therefore find that the appellant’s conviction in Case Number JV-84-356 is due to be reversed and judgment rendered for the appellant.”
Sellers, 507 So.2d at 542-43.
The facts in Sellers were strikingly similar to those in the present case. In that ease a *50 12-year-old child was stopped while he was driving his father’s car. A pistol was found in the car and the child was adjudicated delinquent for, among other things, violating § 13A-11-73, Code of Alabama 1975. This court reversed the juvenile court’s judgment because the state failed to prove at trial that the child did not have a license to carry a pistol issued by the sheriff of his county of residence. In Sellers, this court held that nonissuance of a license is an element of § 13A-11-73, Code of Alabama 1975, which the state must prove. The burden is upon the state to establish every element of the crime charged. 507 So.2d at 543. Here, the state failed to prove that the appellant, who was 17-years old at the time of arrest, did not have a license to carry a pistol issued by the sheriff of Jefferson County. The state failed to meet its burden in this ease.
On the authority of Sellers, the judgment of the juvenile court is due to be, and it is hereby, reversed and a judgment rendered for the appellant.
REVERSED AND RENDERED.
All the Judges concur.

. The anonymity of the appellant is being protected pursuant to Rule 52, Ala.R.App.P.