675 So.2d 90 (1995)
E.M.
v.
STATE.
CR-94-2058.
Court of Criminal Appeals of Alabama.
December 29, 1995.
*91 Dale W. Snodgrass, Birmingham, for Appellant.
Jeff Sessions, Atty. Gen., and Yvonne Saxon, Asst. Atty. Gen., for Appellee.
COBB, Judge.
The appellant, E.M., appeals from the juvenile court's adjudication that he was delinquent based on a finding that he was carrying a pistol in a vehicle without a permit for the pistol. The appellant contends that the prosecutor failed to prove a necessary element of the charged offense, and, therefore, that the lower court's judgment should be reversed. This court disagrees.
Section 13A-11-73, Ala.Code 1975, prohibits the carrying of a pistol in a vehicle without a license to carry the pistol. In order to prove a violation of this statute, a prosecutor must prove that (1) the accused was carrying the pistol, (2) in a vehicle, and (3) that the accused had no license to carry the pistol. D.K.F. v. State, 651 So.2d 48, 49 (Ala.Crim.App.1994), Sellers v. State, 507 So.2d 540, 542 (Ala.Crim.App.1985), rev'd on other grounds, 507 So.2d 544 (Ala.1986). According to existing caselaw, the testimony of the sheriff of the accused's county of residence that the sheriff did not issue the accused a license to carry a gun in a vehicle is evidence that the accused was not properly licensed. Bagony v. Birmingham, 371 So.2d 80 (Ala.Crim.App.1979). This court now holds that the prosecutor may prove that the accused was not issued a license for carrying a gun by offering evidence that the accused was unable to produce a license when requested to do so.
The appellant contends that because the sheriff of Jefferson County did not testify at the appellant's hearing, the prosecutor failed to prove that the appellant had no license to carry a pistol. The appellant cites Sellers v. State, supra, and Bagony v. Birmingham, supra, in support of his argument.
The Sellers court, analyzing Bagony, stated, "[T]estimony [in Bagony] that the sheriff in the county of the defendant's residence had not issued a license to the defendant was held to be an essential element in determining that the evidence was sufficient to support a conviction." Sellers, at 543. However, the appellant misinterprets the emphasis the Sellers court placed upon the sheriff's testimony in Bagony. The Sellers court did not specifically state that the sheriff's testimony in Bagony was the only method of proving that an individual is not licensed to carry a pistol in a vehicle or to carry a concealed pistol. See Sellers at 543. The Sellers court recognized that the Bagony court had held that a sheriff's testimony, along with the other evidence in the case, was one method to prove that a defendant had not been issued an appropriate license. Sellers; Bagony, at 82. D.K.F. also supports that method of proof. The fatal error committed by the prosecution in both Sellers and D.K.F. was that, in each case, the prosecutor failed to supply any evidence that the appellant was not licensed to carry a pistol in a vehicle. See, D.K.F., at 50; Sellers, at 534.
The dissenting opinion in this case fails to recognize that this case is distinguishable from D.K.F. and Sellers. The prosecutor in this case offered proof that the appellant was *92 under the age of 18[1] at the time of the offense and that the appellant was not able to produce a license. (R. 17.)
The dissenting opinion incorrectly concludes that the majority holds that "the state has no burden of proving that the person had no license." Nothing could be further from the truth. Our holding today simply broadens the method of proving an accused has no license to carry a pistol from the restrictive method in Bagony, i.e., the sheriff's testimony as arguably the only method of proof. The prosecutor demonstrated that the appellant did not possess a license and, therefore, could not and did not produce one when one was requested.
Further, this evidence was bolstered by the judge's recognition that Alabama law prohibits delivery of a pistol to a person under the age of 18. Consequently, a sheriff is prohibited from issuing a license to carry a pistol to a person, who, by operation of law, would be ineligible for such a license. See §§ 13A-11-75 and 13A-11-76, Ala.Code 1975.[2] (R. 22-23.)
The evidence in this case proved that the minor, E.M., had not been issued a license by the sheriff of Jefferson County; it was not necessary for the sheriff to testify. In addition, the trial court correctly interpreted the relevant Code sections, which, read in pari materia, proscribe the issuance of a license to a minor to carry a pistol in a vehicle. (R. 22-3.) Therefore, this court finds that the evidence offered by the prosecution sufficiently proves that the juvenile, E.M., violated § 13A-11-73, Ala.Code 1975, because he was not, nor could he legally have been, issued a license to carry a pistol in a vehicle.
In conclusion, we note that we fail to understand the final statement in the dissent that our holding in this case creates "a dangerous precedent" by "[r]educing fundamental freedoms and constitutional protections...." We are unaware of any authority that grants a minor the constitutional right to conceal a handgun in a vehicle.
For the foregoing reasons, this court affirms the lower court's judgment.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who dissents with opinion.
TAYLOR, Presiding Judge, dissenting.
I dissent from the majority's holding that a trial court may take judicial notice of an element of the crime of possessing a pistol without a license, a violation of § 13A-11-73, Code of Alabama 1975. Section 13A-11-73 states: "No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided."
The majority states:
"[T]he trial court correctly interpreted the relevant Code sections, which, read in pari materia, proscribe the issuance of a license to a minor to carry a pistol in a vehicle. (R. 22-3.) Therefore, this court finds that the evidence offered by the prosecution sufficiently proves that the juvenile, E.M., violated § 13A-11-73, Ala.Code 1975, because he was not, nor could he legally have been, issued a license to carry a pistol in a vehicle."
The majority cites D.K.F. v. State, 651 So.2d 48 (Ala.Cr.App.1994), and Sellers v. State, 507 So.2d 540 (Ala.Cr.App.1985), rev'd on other grounds, 507 So.2d 544 (Ala.1986), but disregards the holdings in those cases. This court in D.K.F. stated:
"The appellant contends, and the state concedes, that the appellant's adjudication of delinquency should be reversed on the authority of Sellers v. State, 507 So.2d 540 (Ala.Cr.App.1985), rev'd on other grounds, *93 507 So.2d 544 (Ala.1986), on remand, 507 So.2d 545 (Ala.1987). In that case this court found:
"`Appellant also contends that there was insufficient evidence to convict him on the charge of possession of a concealed weapon without a license under § 13A-11-73, Code of Alabama 1975.
"`Section 13A-11-73 provides as follows:
"`"No person shall carry a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided."
"`Appellant contends that in order to prove that he violated this statute, the state had to establish that he (1) carried a pistol, (2) in his vehicle, (3) without a license. He admits that the state proved the first two elements but contends that they then failed to establish that he had no license.
"`In Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App.1979), this court held that the evidence was sufficient to support a conviction for possession of a concealed weapon without a license because the "State proved (1) that the defendant's address was in Birmingham, Alabama, (2) that he did not have a license to carry a pistol issued by the Sheriff of Jefferson County, and (3) that he was carrying a pistol (4) concealed on his person." This court went on to note that the Sheriff of Jefferson County was the only designated official who could issue a license to the defendant and that proof that he did not issue a license to the defendant was sufficient, without proof from all other counties of non-issuance, to support the conviction. Therefore, testimony that the sheriff in the county of the defendant's residence had not issued a license to the defendant was held to be an essential element in determining that the evidence was sufficient to support a conviction.
"`In the instant case, the state put forth no proof to establish that the appellant had not been issued a license by the Sheriff of Cullman County. The appellant is correct in his contention that in a criminal case, the burden of proof is upon the state to establish every element of the crime charged and that no burden rests on the defendant to prove his innocence. Finney v. State, 348 So.2d 876 (Ala.Cr.App.), cert. denied, 348 So.2d 878 (Ala.1977); White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975); Gilbert v. State, 30 Ala.App. 214, 3 So.2d 95 (Ala.Ct.App.1941).
"`The state failed to establish that the appellant had not been issued a license in Cullman County. Without such proof a material element of the crime was not proven. We therefore find that the appellant's conviction in Case Number JV-84-356 is due to be reversed and judgment rendered for the appellant.'
"Sellers, 507 So.2d at 542-43.
"The facts in Sellers were strikingly similar to those in the present case. In that case a 12-year-old child was stopped while he was driving his father's car. A pistol was found in the car and the child was adjudicated delinquent for, among other things, violating § 13A-11-73, Code of Alabama 1975. This court reversed the juvenile court's judgment because the state failed to prove at trial that the child did not have a license to carry a pistol issued by the sheriff of his county of residence. In Sellers, this court held that nonissuance of a license is an element of § 13A-11-73, Code of Alabama 1975, which the state must prove. The burden is upon the state to establish every element of the crime charged. 507 So.2d at 543. Here, the state failed to prove that the appellant, who was 17-years old at the time of arrest, did not have a license to carry a pistol issued by the sheriff of Jefferson County. The state failed to meet its burden in this case."
D.K.F., 651 So.2d at 49-50.
I disagree with the majority's holding that a trial court can take judicial notice that a minor cannot legally possess a weapon and that, therefore, the state has no burden of proving that the minor had no license. Possession *94 of a weapon by a minor is not specifically prohibited by current law. The only statute that addresses a minor's possession of a pistol is § 13A-11-76, which states that it is illegal to deliver a pistol to a person under the age of 18. Section 13A-11-75 states that a sheriff is prohibited from issuing a pistol license unless that person "is a suitable person to be so licensed." A gap does presently exist in statutory law on this subject. Consequently, the common law applies. The conduct complained of was not a crime at common law.
The majority's holding in this case, in effect, legislates. However, as this court has repeatedly stated, it is not a court's function to legislate. The court's function is to interpret existing law, not to add to it, subtract from it, or to change it. Article III § 43 of the Alabama Constitution of 1901 provides:
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
Further, the majority's use of judicial notice, to fill in any perceived vacancy at law on a particular subject is a radically liberal and dangerous step. It in effect demands a directed verdict in every case in which a minor possesses a pistol, it takes away the state's burden of proving a prima facie case against the accused, and it abolishes the adversarial character of the trial proceeding. This is not the intent behind taking judicial notice of a fact. "Judicial notice ... is the act of accepting certain facts as true without further proof." Colquitt, Alabama Law on Evidence § 2.0 (1990).
"Three types of facts may be judicially noticed, adjudicative, legislative, and social frameworks. Adjudicative facts are those facts which relate to the truth-finding function of the court. They `are simply the facts of the particular case.' Legislative facts are those facts which relate to the law-making role of the court. They `are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.' Social frameworks are those general research results employed to furnish a basic frame of reference for resolving factual issues in a specific case. Judicial notice is utilized most frequently to establish adjudicative facts."
Alabama Law on Evidence § 2.0. (Emphasis added.) The item as to which the majority takes judicial notice does not fit into any of the three types of facts discussed above. As Sellers and D.K.F. both say, proving that a person in possession of a pistol does not have a license is a burden the state must meet in order to establish a prima facie case under § 13A-11-73.
For these reasons, I dissent from the majority's holding. This case is an instance of "throwing out the baby with the bath water," and creates a dangerous precedent with far-reaching consequences. Reducing fundamental freedoms and constitutional protections is not to be taken lightly.
NOTES
[1] The appellant's date of birth is December 8, 1978; he was 16 years old on the date of the offense, which was July 12, 1995. (C. 11.)
[2] Section 13A-11-76, Ala.Code 1975, makes delivery of a pistol to an individual under the age of 18 illegal. Further, § 13A-11-75, Ala.Code 1975, prohibits any sheriff from issuing a license to carry a pistol to a person unless that person "is a suitable person to be so licensed." Read together, these two statutes clearly prohibit issuing a license to a person under the age of 18; a person under 18, by definition, is not a "suitable person" to receive a pistol permit from any sheriff.