## LANGFORD vs. THE STATE.

[INDICTMENT UNDER SECTION 3715 OF REVISED CODE FOR OBTAINING SIGNA-- TURE TO WRITTEN INSTRUMENT BY FALSE PRETENSES.]

1. *Obtaining signature by false pretenses, indictment for; when bad on demurrer.*—An indictment under section 3715 of the Revised Code, for obtaining signature to written instrument by false pretenses, which merely describes such instrument by name, is bad on demurrer. The instrument should be set out according to its substance or tenor, so as to enable the court to pronounce on inspection whether it could be the basis of the offense charged or not.

APPEAL from the Criminal Court of Dallas.
Tried before Hon. G. H. CRAIG.

The appellant, Lewis Langford, was indicted for obtaining by false pretenses the signature of William M. Brooks to a written instrument "commonly called an appeal bond."

The indictment was as follows:

Langford v. The State.

"The State of Alabama,   }   Criminal Court,
      Dallas county.   }   December term, 1870.

"The grand jury of said county charge, that before the finding of this indictment, Lewis Langford did falsely pretend to William M. Brooks, with the intent to defraud, that John T. Morgan had promised to sign a certain instrument in writing, commonly called an appeal bond, as surety for said Lewis Langford; and by means of such false pretense obtained from the said William M. Brooks his signature to said written instrument as surety; the false making of which is forgery, against the peace and dignity of the State of Alabama."

"The grand jury of said county charge, that before the finding of this indictment, Lewis Langford did falsely pretend to William M. Brooks, with the intent to injure or defraud, that John T. Morgan had promised to sign a certain instrument in writing, commonly called an appeal bond, as surety for said Lewis Langford; and by means of such false pretense obtained from the said William M. Brooks his and John T. Morgan's signatures to said written instruments as sureties; the false making of which said instrument is forgery, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment, the court overruled the demurrer, and defendant then went to trial on plea of not guilty, was found guilty, and sentenced to the penitentiary for two years.

The overruling of the demurrer, together with other rulings of the court not necessary to be further noticed, are now assigned as error.

J. N. HANEY, for appellant.—The same precision in describing the written instrument, to which the signature was obtained, is necessary in indictments of this kind, as is required in indictments for forging similar written instruments.—Bishop's Crim. Pro. vol. 1, § 310; *Commonwealth v. Wright*, 1 Cush. 46; *State v. Barney*, 34 Maine, 383.

The instrument should have been set out to enable the defendant to know with certainty the charge against him, and to enable the court to see whether it was a valid instru-

ment, which could be the subject of the offense. For aught that the court can know, it may be void—may not have been approved, or may have been subject to a thousand other infirmities which would prevent the instrument from being the subject of the offense charged.

The demurrer, therefore, should have been sustained.

JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—This indictment is based on section 3715 of the Revised Code. It is a prosecution in the nature of a proceeding on a charge of forgery. No form, for such an offense, is to be found in the schedule of forms given in the appendix of the Code. Such an indictment should state the facts constituting the offense in ordinary and concise language.—Rev. Code, §§ 4112, 4126, 3715. This particularity is required in order to protect the defendant against the jeopardy of a second trial for the same offense. Const. Ala. 1867, article 1, § 11 ; 1 Bish. Cr. Proc. §§ 268, 269. " Precision in the description of the offense is of the last importance to the innocent ; for it is that which marks the limit of the accusation and fixes the proof of it. It is the only hold on the jurors, judges as they are of the law and the fact, or on an insubordinate judge, who, confiding in his superior wisdom, refuses to conform to any general standard of decision, when his judgment can not be reached by writ of error."—Gibson, C. J., *arguendo,* in *Hartman v. Commonwealth,* 5 Barr, 60, 68 ; *Butler v. The State,* 22 Ala. Rep. 43.

It has been uniformly required at common law, in framing indictments for forgery, to set out the instrument forged in substance, or according to its tenor. Here there is no description of the instrument to which the signatures were falsely obtained, except by its name. Its date is not given, nor does it appear when, or where, or in what suit it was executed. It does not appear that it might not be wholly invalid. The instrument ought to be set out in the indictment, or so described that the court by inspection might pronounce whether it was such an obligation as might be the basis of the offense charged or not.—2 Bish. Cr. Proc.

§§ 357 to 367. The present indictment is too loose and un-certain in its statements of the facts necessary to consti-tute guilt, to bring it within the spirit of our statute, and of the ancient forms, which have always been deemed nec-essary in such a prosecution, at common law.

The court below erred in refusing to sustain the defend-ant's demurrer. For this error, the cause is reversed and remanded for a new trial. In the mean time the defendant will be held in custody until discharged by due course of law.