190 So. 303

### STINSON v. STATE.

#### 4 Div. 433.

Court of Appeals of Alabama.

May 2, 1939.

Rehearing Denied June 6, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

560

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment in this case charged that the defendant "carried a pistol concealed about his person or on premises not his own, or under his control." This indictment followed Form 32, Code of 1923, Section 4556, and was sufficient to charge a violation of the law against carrying concealed weapons under Section 3487 of the Code of 1923.

Since the adoption of the Code of 1923, the Legislature has enacted a law, to-wit: "To regulate the sale, transfer and possession of certain types of firearms to provide for the licensing of dealers and owners of such firearms; to fix rules of evidence in the Courts of this State in prosecutions for violations of this Act; to prescribe penalties for the violations of any provision herein and to make uniform the law with reference thereto." This Act was approved April 6, 1936, Extra Session of the Legislature, 1936, page 51.

The short title of the Act, hereinabove quoted, as provided by Section 19 thereof, may be cited as the "Uniform Firearms Act."

This Act prescribes punishments and penalties for violations of any of the provisions of the Act, and in Section 22 thereof it is provided: "This Act is intended as an entire revision of the subject matter contained herein and all laws or parts of laws inconsistent herewith are hereby repealed."

It would appear, therefore, that Section 3487 of the Code of 1923 has been repealed and Form 32, of Section 4556, supra, ceases to be the form prescribed in charging a defendant with a violation of Section 5 of the Acts of the Legislature, Extra Session of 1936, page 52.

The inhibition against the possession of firearms is now contained in Section 5 of the Acts of the Legislature, Extra Session of 1936, page 52, which reads as follows: "No person shall carry a pistol in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." It will be seen that this is an entire change of the former law on the subject, and that the Form hereinabove set out is not applicable to prosecution for violations of the Act known as the "Uniform Firearms Act." It is true that the Legislature has the power to prescribe the form and scope of indictments, but it will be observed, the form of indictment in this case has not been prescribed by the Legislature for a violation of the present existing law on the subject. In such case, the indictment is sufficient where it follows the wording of the Statute alleged to have been violated with sufficient certainty to protect the defendant against the jeopardy of the second trial of the same offense. Langford v. State, 45 Ala. 26. It is not required that an indictment shall set up the proof, but merely to charge the commission of the offence in the language of the Statute. Davis v. State, 141 Ala. 84, 37 So. 454, 109 Am.St.Rep. 19.

At the conclusion of the evidence the court, at the request of the Solicitor in writing, gave to the jury the following charge: "If the jury believe the evidence they will find the defendant guilty." This charge was marked "given" and signed by the Judge, as is provided by the Statute. The giving of this charge

constitutes reversible error. A conviction in a criminal case may not be had even in cases where there is no conflict in the testimony, unless the jury believe the evidence beyond a reasonable doubt. A charge such as was given in this case would have the effect of changing the burden of proof. Even where there is no conflict of the evidence, as to the guilt of the defendant, the credibility of the witnesses is for the jury and it is error to charge if they believe the evidence they must find the defendant guilty. Townsend v. State, 137 Ala. 91, 34 So. 382. In the Townsend case, supra, the opinion in Jones v. State, 96 Ala. 56, 11 So. 192, announcing a different rule was specifically overruled.

The defendant insists that the court committed error in granting the State's motion to exclude the testimony on the question of his plea of former jeopardy. The evidence tended to show that this defendant had been tried and acquitted on a charge of murder and, by his plea of former jeopardy, he sought to set up that the carrying of the pistol at the time of the homicide was included in the trial for murder. This position is untenable. The charge of murder does not include a charge of violation of the "Uniform Firearms Act."

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.