57 So.2d 372

**DUGUE v. STATE.**
**6 Div. 321.**

Court of Appeals of Alabama.
Feb. 19, 1952.

Jerome Phillips and John T. Batten, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

In the circuit court this appellant was tried on a Solicitor's complaint which, omitting the formal parts, charged that: "Within twelve months before the beginning of this prosecution, Adolfo Dugue, Jr. did fail, refuse or omit to pay beer tax due Jefferson County under the provisions of Act number 21 of the regular session of the Legislature of Alabama of 1945 in the sum of one thousand eight hundred and forty nine dollars and forty four cents on or before August 15, 1949, contrary to law, against the peace and dignity of the State of Alabama."

A demurrer, supported by numerous grounds was filed to the complaint, and by the court overruled.

Act number 21, supra, now appears as Sections 330(8)—330(20) Title 62, (pocket part) Code of Alabama 1940.

The act provides for the payment of additional taxes of 2 cents on each twelve fluid ounces of malt or brewed beverages sold by sellers or distributors in counties having a population of 400,000 or more according to the last or any subsequent federal census.

Several acts or omissions by sellers or distributors in connection with the sale of malt or brewed beverages are made misdemeanors by the terms of the act.

Section 330(11) declares it unlawful for any distributor or seller, or any person having no place of business within the county to make any sale, distribution, or delivery of such beverages within the county without first obtaining a permit to do so from the probate judge.

Section 330(12) declares it to be a misdemeanor for any distributor or seller to do business at any time when he is in default of the license tax required by the act.

Section 330(14) makes it unlawful for any person to act as agent, servant or employee for any seller or distributor who is delinquent in the payment of the license tax required, in aiding or assisting in the carrying on of such business, etc.

These are separate and distinct offenses.

■ The sufficient clarity and definiteness required in a complaint is stated in Philyaw v. City of Birmingham, Ala.App., 54 So.2d 619, 620 to be as follows: "A defendant in a criminal prosecution is guaranteed the right by our constitution and statutes to a formal accusation of the nature of the charge he is to defend. Mitchell v. State, supra. The facts should be stated in such manner as to apprise a person of common understanding of what is intended, and must charge a defendant with sufficient certainty to protect the defendant against jeopardy of a second trial, and permit him to prepare his defense. Stinson v. State, 28 Ala.App. 559, 190 So. 303, certiorari denied 238 Ala. 272, 190 So. 305; McQueen v. State, 31 Ala.App. 101, 13 So.2d 59, certiorari denied 244 Ala. 251, 13 So.2d 61; Grattan v. State, 71 Ala. 344."

■ Measured by the above standard it is our opinion that the complaint filed in this cause is defective in that it fails to inform the accused of which of several acts he is charged with violating. Such condition carries with it the other vices mentioned in the excerpt quoted from the Philyaw case, supra.

The court therefore erred in overruling the demurrer to the complaint because of its vagueness, ambiguousness, and uncertainty, which defects were pointed out in the demurrer.

Under the provisions of Section 330(8) (15) qualified sellers or distributors are required to file with the Probate Judge on or before the 15th day of each month records showing amount of beverages sold and distributed during the preceding calendar month, and the license tax must be paid upon the filing of such statement. A bond insuring the payment of said tax is a prerequisite to obtaining a permit from the Probate Judge.

The evidence presented by the State tended to show that a permit as a malt or brewed beverage distributor had been obtained by the Valley Distributing Company, Inc. The appellant was President of this company, his wife was Secretary, and a third party was Vice President. The Valley Distributing Company, Inc., had been doing business for some time, apparently longer than a year.

On 15 August 1949 a statement, signed by appellant's wife as Secretary of the company was filed as required, said statement showing the quantity of beverages sold by the company during July 1949. The license tax due at this time however was not paid.

Three auditors, employees of the county, testified that on previous occasions they had visited the place of business of the Valley Distributing Company, Inc., in connection with auditing and checking the books of the company as the same might reflect on the monthly reports filed by the company on which the amount of the license tax was computed. There is no evidence in the record tending to show that these examinations at any time revealed any irregularity, or were other than routine checks.

The dates of these visits by the auditors are not shown except as to one of them. Mr. E. W. Snyder. Mr. Snyder testified that he went to the office of the company probably on the 16th or 17th of August 1949. The appellant and his wife were present. He told them the purpose of his visit, and "passed the time of day" with them. In response to the Solicitor's question: "Do you recall what Mr. Dugue was doing while you were there?" The witness replied: "They weren't doing anything at that time, only sitting in the office."

The other auditors or inspectors testified that during their visits, the dates of which are not clear, the appellant answered the phone, and also directed some truck drivers where to unload some beer. The trucks belonged to the Valley Distributing Company, Inc.

No witness for the State testified to any activity by the appellant except as that performed in the offices of the Valley Distributing Company, Inc., as set out above.

At the conclusion of the State's case the appellant moved the court to exclude the evidence on the ground that the State had failed to make out its case. This motion was denied by the court.

■ In a criminal case a motion to exclude the State's evidence is a proper meth-

od of testing the sufficiency of the evidence. Underwood v. State, 33 Ala.App. 314, 33 So.2d 379; Hendricks v. State, 34 Ala.App. 502, 41 So.2d 420.

■ The court erred in denying appellant's motion to exclude the evidence.

This appellant was charged solely in his individual capacity. The State's evidence shows that any activity in connection with the sale of beverages was performed by the appellant as an official of the Valley Distributing Company, Inc., in the offices of said company.

Even if the company was delinquent after the 15th of August 1949 in paying the license tax due for the preceding calendar month, the State's evidence completely fails to show that any beverage was sold or distributed by the company, or any agent, employee or servant thereof, after that date. Had the appellant participated, as an agent or employee, in sales by the company after it was delinquent in the payment of the tax it owed he might possibly have been prosecuted under the provisions of Section 330(14) supra, had he been properly charged in the complaint. The complaint was not however drawn to charge the appellant under such section.

The evidence presented by the defense tended to show that this appellant had never sold or distributed any malt beverages other than as an official for the Valley Distributing Company, Inc., and then only for and in behalf of the company.

It was therefore error for the court to refuse appellant's request for the affirmative charge and perforce his motion for a new trial.

■ The appellant duly reserved an exception to the following portion of the court's oral charge as follows:

" 'Gentlemen, the term "person" as I have just read it, as I understand the law, means that any person who is engaged in the business, whether he is an officer of a company or whether he is an individual. I don't think the fact that, under the law, that a man is—the procedure is not against the corporation itself. If this man was manager there, under the law, it seems that that would include the defendant in this case, because the law says any agent, servant, employee or officer,—or officer, singular or plural, of any firm, corporation, club, partnership or company, trustee or agency or association. The law seems to be plain on that'. * * *).

"Mr. Phillips: I except to that portion of that, the portion you have just read, any servant, agent or employee of the corporation, and say that the officers or employees of the corporation themselves were engaged in it individually. If they were engaged in it, it would be a corporate act."

This portion of the court's charge was erroneous and tended to mislead the jury. The statement was made to the jury after the court had read to the jury Sec. 2 of Act 21, Sec. 330(9) (a, b) Title 62, supra, defining "person."

■ If a corporation is delinquent the criminal proceeding should be instituted against it. If a servant, agent, or employee of a delinquent corporation assists in the sale of beverages for such delinquent corporation the proceeding should be against him in such capacity, not in his individual capacity.

Numerous other errors are urged by appellant's counsel. In the interest of brevity we pretermit consideration of them, being clear to the conclusion that the errors heretofore written to compel a reversal of this case.

Reversed and Remanded.