141 So.2d 535

Horace LOONEY

v.

STATE.

8 Div. 833.

Court of Appeals of Alabama.

May 15, 1962.

Wm. E. Garner and Harold T. Foster, Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and John F. Ingram, Legal Research Aide, Montgomery, for the State.

CATES, Judge.

Looney appeals from his conviction in a nonjury case.

The complaint on which he was tried reads in part:

" * * * Horace Looney, did carry or have on his person a gun, pistol, or bowie knife or like instrument without a lawful permit to carry · the same, * * * "

Looney demurred on the ground that the complaint did not state a violation of any law.

 Code 1940, T. 14, § 175, as amended, makes it an offense for a person who has no license therefor (except on his land, abode or place of business):

1) to carry a pistol in any vehicle; or

2) to carry a pistol concealed on or about his person.

Thus, a permit is not required when a person afoot carries an unconcealed pistol.

This analysis comports with an Attorney General's opinion by then Assistant Attorney General Gallion on this statute before the 1956 amendment which transplanted the word "concealed" from being immediately before "in any vehicle" to its present place in the section. There it is said:

" * * * a person may carry an unconcealed and unlicensed pistol anywhere, either on his own property, * * * on the public highways, public property or the land of another person without violating either Section 163, supra, or Section 175, as amended, supra, * * * "—Quarterly Reports of Attorney General, Vol. 79, p. 31, 35.

Code 1940, T. 14, § 161, reads:

"Except as otherwise provided in this chapter, a person who carries *concealed* about his person a bowie knife or knife or instrument of like kind or description or a pistol or firearm of any other kind or an air gun shall on conviction be fined not less than fifty, nor more than five hundred dollars, and may also be imprisoned in the county jail, or ·sentenced to hard labor for the county, for not more than six months." (Italics supplied.)

Inasmuch as the complaint omitted any allegation of the weapon being carried concealed or in a vehicle, it was defective.

Since the court should have sustained Looney's demurrer, the judgment below is due to be

Reversed and remanded.