Possession of heroin; sentence: twelve years imprisonment.
Early on the morning of December 2, 1976, at approximately 1:30 A.M., Officer Dennis Miller of the Scottsboro Police Department stopped a 1973 Oldsmobile with an expired out-of-county license tag. The vehicle was driven by James Hopkins. The appellant was a passenger in the automobile. A routine call to police headquarters revealed that Hopkins had several outstanding felony warrants against him in Georgia. Officer Miller asked Hopkins to wait outside the automobile and then proceeded to search the interior of the car, where the appellant was still vested. An unloaded .32 caliber pistol was discovered hidden under the center arm rest of the front seat of the car next to where the appellant was seated. After discovering the hidden weapon, Officer Miller arrested Hopkins and the appellant for "possession of a pistol."
During a pat-down search incidental to the arrest, the officer discovered syringes, needles and some pills marked as valium which were concealed in the appellant's outer jacket. The appellant and Hopkins were taken downtown where a routine inventory search was made to catalog appellant's personal property. At that time packets of heroin were discovered in the appellant's boot. The appellant was then read the Miranda
warning and charged with violating the controlled substances act, which resulted in his conviction and appeal.
The only issue raised by the appellant is whether the personal property inventory search at the police station was made pursuant to a lawful arrest. Appellant contends that there existed no probable cause for his arrest for carrying a concealed weapon pursuant to Title 14, § 161, Code of Alabama 1940. He cites two Alabama cases and one Fifth Circuit case interpreting § 161 to the effect that the concealed weapon must be so connected with the person of the appellant that the locomotion of the body would carry with it the concealed weapon. Here, the weapon was in no way connected with the person of the appellant. *Page 755 
He therefore contends that because there was no probable cause to arrest him under § 161, supra, the subsequent search which discovered the heroin was illegal.
The arresting officer made the following statements at trial indicating the basis for the charge upon which the appellant was arrested:
 "A. . . . At this time, I arrested both subjects with possession of a pistol.
* * * * * *
 "A. I then advised both subjects they were under arrest for, I believe the charge was carrying a pistol without a permit or carrying a concealed weapon, I believe was what the charge was . . ."
Title 14, § 175, Code of Alabama 1940, states:
 "No person shall carry a pistol in any vehicle, or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided."
Section 175 applies to carrying an unlicensed pistol concealed on the person or in a vehicle, whereas § 161, supra, applies to carrying certain enumerated weapons concealed upon the person. Section 161 makes no exception for carrying alicensed pistol and thus insofar as they conflict, § 175 would prevail, it being the later statute and being a complete revision of the subject matter. Stinson v. State, 28 Ala. App. 559,190 So. 303 (1939). Aside from the question of whether § 175 pro tanto repealed § 161, it is abundantly clear that § 161 never covered the subject of carrying an unlicensed pistol in a vehicle. Section 175, supra, is the only statute which could have been applicable to the instant situation.
It is not necessary that a police officer specify the exact title and section of the Code or act number upon which he bases an arrest. From the officer's testimony, it was sufficiently clear that his intention was to make an arrest for carrying an unlicensed pistol contrary to the only statute applicable, § 175, supra. This court would certainly not indulge in the presumption that the police officer intended to make an arrest under a statute which never had any application to the situation and which had been preempted by a subsequent revision of the subject matter covered. To rule otherwise would be to place an unreasonable burden upon law enforcement.
The question still remains as to whether probable cause existed for the arrest. As to the validity of the arrest of the driver, James Hopkins, and subsequent search of the automobile incident thereto, we find no problem. It would be poor police work for an officer to ignore his radio dispatch that a suspect was wanted for commission of a crime. Bates v. State,48 Ala. App. 489, 266 So.2d 155, cert. denied 289 Ala. 740,266 So.2d 160 (1972); Crane v. State, 55 Ala. App. 619,318 So.2d 315 (1975). Considering the fact that Hopkins' prior misconduct involved outstanding felony warrants from Georgia, it was not unreasonable for the officer to make a limited protective search of the immediate grasping reach of the driver. Dunawayv. State, 50 Ala. App. 200, 278 So.2d 200, cert. denied 291 Ala. 93, 278 So.2d 205 (1973). ". . . There is ample justification, therefore, for a search of the arrestee's person and the area `within his immediate control' — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Chimel v. California, 395 U.S. 752,763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969).
The enigma in this situation, however, lies not in the validity of the arrest and search incident to the arrest of the driver, but the presence or lack of probable cause for the arrest of the passenger. The existence of probable cause for the appellant's arrest here is critical, for without probable cause for the arrest, the evidence discovered at the police station and used to support the instant conviction, would be in admissible. The constitutional validity of the inventory search at the police station depends upon the validity of the appellant's initial arrest. Whether the arrest was constitutionally valid depends upon whether, at *Page 756 
the time the arrest was made, the officer had probable cause to make it. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223,13 L.Ed.2d 142 (1964). If the appeal before us was by the driver of the vehicle, there would be sufficient evidence to establish constructive possession of the pistol. Here, however, we have not the driver but a mere passenger, who had no actual possession of the pistol. His connection with the pistol can only come through constructive possession.
In determining whether there was probable cause to arrest, it is not necessary that the officer have before him evidence which would support a conviction for the offense. He must have facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the suspect had committed or was committing an offense. Beck, supra. The officer's good faith in making the arrest alone is not enough. Henry v. United States,361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).
"The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating . . . often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." Brinegar v. United States, 338 U.S. 160, 176,69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); Henry, supra.
United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969) is very similar to the instant case. There, a conviction was upheld for interstate transportation of firearms after guns were found in the vehicle in which the appellant was a passenger. There, police saw an automobile violate a traffic ordinance, and saw one of the passengers motion with his hands as though putting something under the seat. After a search of the driver revealed money orders in a name other than that of the driver, the officers searched the car and found two revolvers under the car seat. The United States Court of Appeals relied on the suspicious movement of the passenger and the suspicious money orders as factors which tilted the balance in favor of finding that the officers had probable cause to search the automobile and arrest the passengers.
In the instant case, there was no evidence of suspicious movements by the passenger, however, this court must consider the fact that the incident occurred at the very early hour of 1:30 A.M.; that the officer knew that the driver had felony warrants outstanding against him; and that the gun was found hidden in a position very close to the appellant.
We believe that an officer confronted with such a situation would not be acting imprudently or capriciously in concluding that the passenger was quite likely to be the owner, and potential wielder of the weapon found concealed where he was sitting. The law does not require the police officers to have evidence which would conclusively establish guilt, but merely facts which would warrant a man of reasonable caution to believe that the appellant had violated the law. The test is a pragmatic one, seeking to balance the welfare of the public against the ability of law enforcement to effectively maintain law and order. However, in applying this test of reasonableness under the fourth amendment, we believe the officer in the instant case had probable cause to make the arrest, and thus the fruits of the resulting search were legal and admissible at the trial.
This is a close question, and in reaching our decision, we are not unmindful of the many cases coming from this court concerning constructive possession: Rueffert v. State,46 Ala. App. 36, 237 So.2d 520 (1970); Radke v. State, 52 Ala. App. 397, 293 So.2d 312, affirmed 292 Ala. 290, 293 So.2d 314
(1973); Williams v. State, Ala.Cr.App., 340 So.2d 1144, cert. denied, Ala., 340 So.2d 1149 (1976). We simply find that under the peculiar circumstances of this case and the situation confronting the police officer at the time of the arrest, that minimal probable cause existed to validate the arrest.
Affirmed.
All the Judges concur. *Page 757