The defendant was convicted for carrying a concealed pistol in violation of Section 36-56 of the General Code of the City of Birmingham, Alabama, 1964, as it adopts the words, language, and meaning of Alabama Code Section 13-6-153 (1975). Brooks v.City of Birmingham, 31 Ala. App. 496, 498, 19 So.2d 74 (1944). The jury assessed a fine of $500.00 and the trial judge imposed a sentence of 150 days hard labor. A violation of Section 13-6-153 constitutes a misdemeanor. Sheridan v. State, 43 Ala. App. 239,248, 187 So.2d 294 (1966).
On appeal three questions are presented: (1) The sufficiency of the complaint, *Page 81 
(2) the legality of the search, and (3) the sufficiency of the evidence.
 I
The complaint reads as follows:
 "Comes the City of Birmingham, a municipal corporation and complains that Jerry Bagony, within twelve months before the beginning of this prosecution, on to-wit: January 1, 1978 and within the City of Birmingham, or the police jurisdiction thereof, at to-wit: 7500 Block of 1st Avenue North, unlawfully carried a pistol in a place not his land or abode, or fixed place of business and without a license issued by the Sheriff of Jefferson County, Alabama, contrary to and in violation of Section 36-56 of the General Code of the City of Birmingham, Alabama, 1964, as amended, as it adopts the words, language and meaning of Section 13-6-153 of the Code of Alabama, 1975."
This complaint is sufficient in all respects to allege the violation of the statutory requirements of Alabama Code Section 13-6-153 (1975).
The fact that the complaint charged the defendant with carrying a concealed pistol without a license "issued by the Sheriff of Jefferson County" did not render the complaint "more restrictive" than the State law which the City had adopted. Under State law a license to carry a pistol may only be issued by the Sheriff of the county in which the applicant for the license resides. Alabama Code Section 13-6-155 (1975).
Where the form of an indictment or complaint has not been prescribed by the legislature the indictment or complaint is sufficient where it follows the wording of the statute alleged to have been violated with sufficient certainty to protect the accused against double jeopardy. Langford v. State, 45 Ala. 26
(1871); Stinson v. State, 28 Ala. App. 559, 560, 190 So. 303
(1939).
 II
The defendant next contends that the search of his person and subsequent seizure of the pistol by Birmingham Police Officers were unlawful because the officers had no probable cause to conduct the stop and frisk. The defendant maintains that the pistol should have been suppressed from evidence.
At approximately 2:10 on the morning of January 1, 1978, Officers Courthers and Buntin of the Birmingham Police Department received a radio communication directing them to the Pit Grill Restaurant located in the 7500 block of First Avenue North in Birmingham. On voir dire examination Officer Courthers testified that the radio dispatch had informed them that a "white male wearing a blue T-shirt or blue jeans and brown hair with a beard" had a gun inside the restaurant. On arrival the officers were met outside by Mrs. JoAnn Dunn who told them that the defendant had a weapon and had threatened her with it.
The officers went inside, spotted the defendant, and followed him to the rear of the restaurant. The defendant was not causing any disturbance at this time. The defendant entered the men's restroom. When he came out the officers stopped and frisked him for weapons. The pat down revealed a fully loaded .38 caliber Smith and Wesson revolver concealed in the defendant's right boot. The defendant was then placed under arrest and charged as appears in the complaint.
Under these circumstances the officers were justified in stopping and frisking the defendant. Deloach v. State,356 So.2d 222 (Ala.Cr.App.), cert. denied, 356 So.2d 230 (Ala. 1978); Pruitt v. State, 337 So.2d 50 (Ala.Cr.App. 1976);Kimbrough v. State, 352 So.2d 512 (Ala.Cr.App.), cert. denied,352 So.2d 516 (Ala. 1977). An investigatory detention may be based upon circumstances falling short of probable cause to arrest. Racine v. State, 51 Ala. App. 484, 286 So.2d 890, cert. denied, 291 Ala. 684, 286 So.2d 896 (1973). A radio dispatch may justify a pat down. McClendon v. State, 341 So.2d 174
(Ala.Cr.App. 1976), cert. quashed, 341 So.2d 178 (Ala. 1977);Bates v. State, 48 Ala. App. 489, 266 So.2d 155 (1972). *Page 82 
Upon finding the pistol on the defendant the officers then had probable cause to arrest him for carrying a concealed pistol.Campbell v. State, 354 So.2d 325 (Ala.Cr.App. 1977).
 III
The trial court properly denied the defendant's motion to suppress the State's evidence and request for a directed verdict of not guilty since the evidence was sufficient to support the conviction.
The State proved (1) that the defendant's address was in Birmingham, Alabama, (2) that he did not have a license to carry a pistol issued by the Sheriff of Jefferson County, and (3) that he was carrying a pistol (4) concealed on his person. This was sufficient to support the conviction pursuant to Section 13-6-153. In this case the Sheriff of Jefferson County was the only designated official who could issue a license to the defendant. In prosecutions under Section 13-6-153 the State is not required to submit proof from the State Director of Public Safety that the defendant has not been issued a license by every county in the State.
We have searched the record and found no error prejudicial to the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.