671 So.2d 139 (1995)
C.D.J.
v.
STATE.
CR-94-117.
Court of Criminal Appeals of Alabama.
July 28, 1995.
Rehearing Denied September 8, 1995.
Certiorari Denied November 22, 1995.
*140 Joe W. Morgan, Jr., Birmingham, for Appellant.
Jeff Sessions, Atty. Gen., and Patrick Roberts, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1941947.
TAYLOR, Presiding Judge.
The appellant, C.D.J., was adjudicated delinquent on the underlying offenses of unlawful possession of a short-barreled shotgun, a violation of § 13A-11-63, Code of Alabama 1975, and of carrying a pistol on premises not his own, a violation of § 13A-11-52, Code of Alabama 1975. He was committed to the Department of Youth Services.
The state's evidence tended to show that during the evening of June 19, 1994, the appellant was in possession of a sawed-off shotgun and two pistols. Officer Chris Hicks of the Birmingham Police Department testified that just before midnight he received a call that shots had been fired at the Valley Skate Center. He and Officer Cathy Henderson responded to the call. When they arrived they were told that the shots had been fired from either a blue Cadillac automobile or a red Datsun automobile. Hicks testified that he and Officer Henderson stopped a blue Cadillac and that the driver consented to a search, but no guns were found. The occupants of the Cadillac told Hicks that the shots had been fired from a red Datsun. Hicks testified that he then saw the red Datsun and pulled it over.
Officer Henderson testified that she searched the passenger area of the Datsun and found one live .380 caliber round. The driver's mother then arrived and gave Henderson permission to search the entire car. She opened the rear hatchback area of the car and found a sawed-off shotgun and two loaded pistols, a .32 caliber and a .380 caliber. The shotgun had a spent shell in the chamber. All of the guns were warm. Henderson testified that she measured the shotgun and that the barrel was 12 inches and that the shotgun was 20½ inches overall. She further testified that the hatchback area was accessible from the passenger area of the car and that when the officers stopped the vehicle the appellant was riding in the front passenger's seat.
Marcus Sims, who was riding in the blue Cadillac, testified that the shots had been fired at them from the front passenger's side of the red Datsun. He further stated that about four shots had been fired.
The appellant contends on appeal that the evidence presented by the state was insufficient for the juvenile court to find him delinquent on the underlying offenses.
"In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala.1979)...."
Underwood v. State, 646 So.2d 692, 695 (Ala. Cr.App.1993).
We will address each of the underlying offenses separately.

I
The appellant was adjudicated delinquent for the unlawful possession of a short-barreled shotgun, a violation of § 13A-11-63, Code of Alabama 1975.
Section 13A-11-63(a), Code of Alabama 1975, provides:
"(a) A person who possesses, obtains, receives, sells, or uses a short-barreled rifle or short-barreled shotgun is guilty of a Class C felony." *141 Section 13A-11-62(5), Code of Alabama 1975, defines "short-barreled shotgun" as follows:
"(5) SHORT-BARRELED SHOTGUN.
A shotgun having one or more barrels less than 18 inches in length and weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than 26 inches."
The testimony of Officer Henderson was sufficient to prove that the sawed-off shotgun found in the red Datsun was covered by the statute. She testified that the barrel was 12 inches long and that the shotgun had an overall length of 20½ inches.
However, the appellant further contends that the state did not present sufficient evidence that he had the knowledge required to be found guilty of possession of the shotgun.
"In Alabama, there is no statutory presumption that the presence of a forbidden weapon in an automobile is presumptive evidence of its possession by all occupants of the vehicle. See Annot., 87 A.L.R.3d 949 (1978). Instead, the principles enunciated in Ex parte Story, 435 So.2d 1365 (Ala.1983), which involved a prosecution for the possession of a controlled substance, overn this case:
"`[T]he mere presence of a defendant in an automobile containing contraband is not sufficient in and of itself to support a conviction for possession of a controlled substance. Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971); Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520 (1970). The State must introduce additional evidence from which the defendant's unlawful possession of the contraband could be inferred in order to support a conviction. See 57 A.L.R.3d 1319. Knowledge of the presence of the controlled substance by the defendant must also be established beyond a reasonable doubt. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).'
"Story, 435 So.2d at 1366."
Nguyen v. State, 580 So.2d 122, 123 (Ala.Cr. App.1991).
Furthermore, circumstantial evidence may be used to prove knowledge. Ward v. State, 484 So.2d 536, 538 (Ala.Cr.App.1985).
The state presented evidence from which the juvenile court could infer that the appellant had knowledge and was in possession of the shotgun. Sims testified that he saw shots fired from the front passenger's seat, which is where the appellant was sitting when the officers stopped the vehicle. The shotgun was warm and there was a spent shell still in the chamber. Also, the shotgun could have been passed from the hatchback to the front seat by the passenger in the back seat.

II
The appellant was also adjudicated delinquent for carrying a pistol on premises not his own, a violation of § 13A-11-52, Code of Alabama 1975. Section 13A-11-52 states:
"Except as otherwise provided in this article, no person shall carry a pistol about his person on premises not his own or under his control; but this section shall not apply to any sheriff or his deputy or police officer of an incorporated town or city in the lawful discharge of the duties of his office, or to United States marshal or his deputies, rural free delivery mail carriers in the discharge of their duties as such, conductors, railway mail clerks and express messengers in the discharge of their duties."
(Emphasis added.)
The appellant contends that this statute conflicts with § 13A-11-73, Code of Alabama 1975. Section 13A-11-73 states:
"No person shall carry a pistol in any vehicle or concealed on or about his person, except on his own land, in his own abode or fixed place of business, without a license therefor as hereinafter provided."
He contends that § 13A-11-52 should be read in pari materia with § 13A-11-73 so as to require proof that the accused had no license before § 13A-11-52 could be violated. He cites the holding of this court in Braxton v. State, 350 So.2d 753 (Ala.Cr.App.1977), as authority for this proposition. In Braxton, this court addressed a similar conflict between § 13A-11-73 and § 13A-11-50. Section 13A-11-50 states:

*142 "Except as otherwise provided in this Code, a person who carries concealed about his person a bowie knife or knife or instrument of like kind or description or a pistol or firearm of any other kind or an air gun shall, on conviction, be fined not less than $50.00 nor more than $500.00, and may also be imprisoned in the county jail or sentenced to hard labor for more than six months."
In construing the conflict between the two sections, this court stated in Braxton:
"Section 175 [now codified at § 13A-11-73] applies to carrying an unlicensed pistol concealed on the person or in a vehicle, whereas § 161 [now codified at § 13A-11-50], supra, applies to carrying certain enumerated weapons concealed upon the person. Section 161 makes no exception for carrying a licensed pistol and thus insofar as they conflict, § 175 would prevail, it being the later statute and being a complete revision of the subject matter. Stinson v. State, 28 Ala.App. 559, 190 So. 303 (1939). Aside from the question of whether § 175 pro tanto repealed § 161, it is abundantly clear that § 161 never covered the subject of carrying an unlicensed pistol in a vehicle. Section 175, supra, is the only statute which could have been applicable to the situation."
Braxton, 350 So.2d at 755. (Emphasis supplied.)
Here, as in Braxton, there is a conflict between the two statutes. Section 13A-11-52, like § 13A-11-50, does not permit the carrying of a pistol outside of a person's own premises under any circumstances. However, that section does begin with the phrase "[e]xcept as otherwise provided in this article." Section 13A-11-73 clearly allows a person with a pistol license to carry a pistol in a vehicle or concealed on the person. Furthermore, in Morris v. State, 342 So.2d 417, 418 (Ala.Cr.App.1977), and Looney v. State, 41 Ala.App. 582, 141 So.2d 535, 536 (1962), this court held that § 13A-11-73 does not prohibit carrying an unlicensed pistol if the pistol is unconcealed and the person is on foot.
Based on the phrase "[e]xcept as otherwise provided in this article" and this court's reasoning in Braxton, we hold that § 13A-11-73 is the correct charge for possession of an unlicensed pistol. Section 13A-11-52 applies only the extent that it is consistent with § 13A-11-73 because it is "the later statute and a complete revision of the subject matter." Braxton, 350 So.2d at 755. Therefore, the state should have been required to prove all of the elements of a violation of § 13A-11-73. This court has repeatedly held that the state must prove that the defendant was not issued a pistol license by the sheriff of the defendant's county of residence. D.K.F. v. State, 651 So.2d 48 (Ala.Cr.App.1994); Sellers v. State, 507 So.2d 540 (Ala.Cr.App.1985), rev'd on other grounds, 507 So.2d 544 (Ala.1986), on remand, 507 So.2d 545 (Ala.1987); Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr. App.1979). The state did not present proof that the appellant did not have a license to carry a pistol issued by the sheriff of Jefferson County. Therefore, the state did not meet its burden on this charge.
For the foregoing reasons, the judgment is due to be, and it is hereby affirmed as to the appellant's adjudication of delinquency based on the unlawful possession of a short-barreled shotgun and reversed as to his adjudication based on the offense of carrying a pistol on premises not his own.
AFFIRMED IN PART; REVERSED IN PART.
All the Judges concur.