COBB, Judge.
The appellant, E.M., appeals from the juvenile court’s adjudication that he was delinquent based on a finding that he was carrying a pistol in a vehicle without a permit for the pistol. The appellant contends that the prosecutor failed to prove a necessary element of the charged offense, and, therefore, that the lower court’s judgment should be reversed. This court disagrees.
Section 13A-11-73, Ala.Code 1975, prohibits the carrying of a pistol in a vehicle without a license to carry the pistol. In order to prove a violation of this statute, a prosecutor must prove that (1) the accused was carrying the pistol, (2) in a vehicle, and (3) that the accused had no license to carry the pistol. D.K.F. v. State, 651 So.2d 48, 49 (Ala.Crim.App.1994), Sellers v. State, 507 So.2d 540, 542 (Ala.Crim.App.1985), rev’d on other grounds, 507 So.2d 544 (Ala.1986). According to existing caselaw, the testimony of the sheriff of the accused’s county of residence that the sheriff did not issue the accused a license to carry a gun in a vehicle is evidence that the accused was not properly licensed. Bagony v. Birmingham, 371 So.2d 80 (Ala.Crim.App.1979). This court now holds that the prosecutor may prove that the accused was not issued a license for carrying a gun by offering evidence that the accused was unable to produce a license when requested to do so.
The appellant contends that because the sheriff of Jefferson County did not testify at the appellant’s hearing, the prosecutor failed to prove that the appellant had no license to carry a pistol. The appellant cites Sellers v. State, supra, and Bagony v. Birmingham, supra, in support of his argument.
The Sellers court, analyzing Bagony, stated, “[Testimony [in Bagony ] that the sheriff in the county of the defendant’s residence had not issued a license to the defendant was held to be an essential element in determining that the evidence was sufficient to support a conviction.” Sellers, at 543. However, the appellant misinterprets the emphasis the Sellers court placed upon the sheriffs testimony in Bagony. The Sellers court did not specifically state that the sheriffs testimony in Bagony was the only method of proving that an individual is not licensed to carry a pistol in a vehicle or to carry a concealed pistol. See Sellers at 543. The Sellers court recognized that the Bagony court had held that a sheriffs testimony, along with the other evidence in the case, was one method to prove that a defendant had not been issued an appropriate license. Sellers; Bagony, at 82. D.KF. also supports that method of proof. The fatal error committed by the prosecution in both Sellers and D.KF. was that, in each case, the prosecutor failed to supply any evidence that the appellant was not licensed to carry a pistol in a vehicle. See, D.KF., at 50; Sellers, at 534.
The dissenting opinion in this case fails to recognize that this case is distinguishable from D.KF. and Sellers. The prosecutor in this case offered proof that the appellant was *92 under the age of 18[1] at the time of the offense and that the appellant was not able to produce a license. (R. 17.)
The dissenting opinion incorrectly concludes that the majority holds that “the state has no burden of proving that the person had no license.” Nothing could be further from the truth. Our holding today simply broadens the method of proving an accused has no license to carry a pistol from the restrictive method in Bagony, i.e., the sheriffs testimony as arguably the only method of proof. The prosecutor demonstrated that the appellant did not possess a license and, therefore, could not and did not produce one when one was requested.
Further, this evidence was bolstered by the judge’s recognition that Alabama law prohibits delivery of a pistol to a person under the age of 18. Consequently, a sheriff is prohibited from issuing a license to carry a pistol to a person, who, by operation of law, would be ineligible for such a license. See §§ 13A-11-75 and 13A-11-76, Ala.Code 1975.[2] (R. 22-23.)
The evidence in this case proved that the minor, E.M., had not been issued a license by the sheriff of Jefferson County; it was not necessary for the sheriff to testify. In addition, the trial court correctly interpreted the relevant Code sections, which, read in pari materia, proscribe the issuance of a license to a minor to carry a pistol in a vehicle. (R. 22-3.) Therefore, this court finds that the evidence offered by the prosecution sufficiently proves that the juvenile, E.M., violated § 13A-11-73, Ala.Code 1975, because he was not, nor could he legally have been, issued a license to carry a pistol in a vehicle.
In conclusion, we note that we fail to understand the final statement in the dissent that our holding in this case creates “a dangerous precedent” by “[rjeducing fundamental freedoms and constitutional protee-tions.... ” We are unaware of any authority that grants a minor the constitutional right to conceal a handgun in a vehicle.
For the foregoing reasons, this court affirms the lower court’s judgment.
AFFIRMED.
All the Judges concur except TAYLOR, P. J., who dissents with opinion.

. The appellant’s date of birth is December 8, 1978; he was 16 years old on the date of the offense, which was July 12, 1995. (C. 11.)

. Section 13A-11-76, Ala.Code 1975, makes delivery of a pistol to an individual under the age of 18 illegal. Further, § 13A-11-75, Ala.Code 1975, prohibits any sheriff from issuing a license to carry a pistol to a person unless that person "is a suitable person to be so licensed.” Read together, these two statutes clearly prohibit issuing a license to a person under the age of 18; a person under 18, by definition, is not a "suitable person” to receive a pistol permit from any sheriff.