TAYLOR, Presiding Judge.
The appellant was adjudicated delinquent on the underlying offenses of possessing a pistol about his person on premises not his own or under his control, a violation of § 13A-11-52, Code of Alabama 1975, and of receiving stolen property in the second degree, a violation of § 13A-8-18, Code of Alabama 1975. He was committed to the Department of Youth Services. The appellant presents three issues on appeal.
I
The appellant first contends that the court erred in adjudicating him delinquent under § 13A-11-52 because, he says, this Code section is no longer the law. Specifically, the appellant’s asserts that § 13A-11-52 was repealed or superseded by § 13A-11-73, Code of Alabama 1975.
Section 13A-11-52 states:
“Except as otherwise provided in this article, no person shall carry a pistol about his person on premises not his own or under his control; but this section shall not apply to any sheriff or his deputy or police officer of an incorporated town or city in the lawful discharge of the duties of his office, or to [a] United States marshal or his deputies, rural free delivery mail carriers in the discharge of their duties as such, bonded constables in the discharge of their duties as such, conductors, railway mail clerks and express messengers in the discharge of their duties.”
Section 13A-11-73 states:
“No person shall carry a pistol in any vehicle or concealed on or about his persons, except on his land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.”
As authority for his contention, the appellant cites Stinson v. State, 190 So. 303, 304, 28 Ala.App. 559, 560 (Ala.App.), cert. denied, 238 Ala. 272, 190 So. 305 (Ala.1939), in which the Court stated:
“[The Uniform Firearms] Act prescribes punishments and penalties for violations of any of the provisions of the Act, and in Section 22 thereof is provided: ‘This Act is intended as an entire revision of the subject matter contained herein and all laws or parts of laws inconsistent herewith are hereby repealed.’
“It would appear, therefore, that Section 3487 of the Code of 1923 [now § 13A-11-52] has been repealed and Form 32, of Section 4556, ceases to be the form prescribed in charging a defendant with a violation of Section 5 of the Acts of the Legislature, Extra Session of 1936, page 52.
*543 “The inhibition against the possession of firearms is now contained in Section 5 of the Acts of the Legislature, Extra Session of 1936, page 52 [now § 13A-11-73], which reads as follows: ‘No person shall carry a pistol in any vehicle or concealed on or about his person, except in his place of abode of fixed place of business, without a license therefor as hereinafter provided.’ It will be seen that this is an entire change of the former law on the subject.”
This Court is cognizant of the fact that the court’s holding in Stinson seems to infer that the precursor to § 13A-11-52 was repealed by the enactment of the Uniform Firearms Act; however, the legislative history of the current § 13A-11-52 shows that the Legislature re-codified that section on two separate occasions following this Court’s holding in Stinson, in 1940 and 1975. “It is a fundamental principle of statutory construction that in enacting [a] statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute.” Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App.1977).
We hold that § 13A-11-52 is still in effect as evidenced by the following cases where defendants were charged under this section: C.D.J. v. State, 671 So.2d 139 (Ala.Cr.App. 1995), and A.M. v. State, 623 So.2d 421 (Ala.Cr.App.1993).
II
The appellant next contends that the court erred in adjudicating him delinquent because, he says, the State failed to prove that he possessed a pistol, a violation of § 13A-11-52. Thus, the appellant contends that the evidence was insufficient to find him delinquent.
“In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985).”
Powe v. State, 597 So.2d 721, 724 (Ala.), on remand, 597 So.2d 730 (Ala.Cr.App.1992).
The State’s evidence tended to show that, on July 9, 1996, two Birmingham police officers pulled into a parking lot in front of a grocery store. As the officers were pulling into a parking place, Officer Kelvin Dudley noticed five males, one of whom was the appellant, standing near some vending machines. While the testimony is not clear, it appears that the machines were located outside of the store, but within close proximity to the store’s entrance. Officer Dudley testified that, as the two officers approached the five individuals, he noticed the appellant began walking quickly toward the vending machines. Officer Dudley’s testimony is further stated as follows:
“A [Dudley]: As I stopped the car he motioned to his waistband like this and started to pull an object out. I really couldn’t see all of the object. ' It looked silver. I stop the car, get out and go towards him, he ducked behind a [vending] machine which was located at the front of the store. As he bent down beside the [vending] machine I heard a noise. I walked over there to him. I immediately grabbed him, patted him down, and took him to the patrol car. I was riding with another officer at the time. And I told the officer to see what he dropped behind the [vending] machine.
“Q [Prosecution]: Did yoii yourself ever get a look at any part of what that was that he had in his waistband?
“A: Other than a partial silver object.
“Q: A partial silver object, did you say?
“A: Yes.
“Q: Okay. And this silver object that you saw, where was it located?
“A: In his waistband right across here.
“Q: And was his waistband open to plain view or was it concealed in some way?
*544 “A: [He] had a T-shirt on the outside of his shorts.
“Q: Did it hang out over the waistband? “A: Yes, it did.
“Q: Okay. What happened when you walked over to the [vending] machine?
“A: Officer Jackson — I directed Officer Jackson to go over there and see what was dropped behind the machine. And he retrieved a .9 millimeter firearm.”
Upon further questioning, Dudley testified that the noise that he heard, after the appellant bent down behind the machine, “sounded like a heavy object hitting concrete.” He also stated that the gun that was retrieved from behind the machine was silver.
Before addressing the issue whether there was sufficient evidence to find the appellant delinquent on the firearm possession charge, we must address this Court’s holding in C.D.J., supra. In C.D.J., this Court held that the State, in making out a prima facie case under § 13A-11-52, must prove, in accordance with § 13A-11-73, that a defendant, charged under § 13A-11-52, has not been issued a license to carry a concealed weapon on the person.
In C.D.J, this Court stated as follows:
“The appellant contends that this statute conflicts with § 13A-11-73, Code of Alabama 1975. Section 13A-11-73 states:
“ ‘No person shall carry a pistol in any vehicle or concealed on or about his person, except on his own land, in his own abode or fixed place of business, without a license therefor as hereinafter provided.’
“He contends that § 13A-11-52 should be read in pari materia with § 13A-11-73 so as to require proof that the accused had no license before § 13A-11-52 could be violated. He cites the holding of this court in Braxton v. State, 350 So.2d 753 (Ala.Cr.App.1977), as authority for this proposition. In Braxton, this court addressed a similar conflict between § 13A-11-73 and § 13A-11-50. Section 13A-11-50 states:
“ ‘Except as otherwise provided in this Code, a person who carries concealed about his person a bowie knife or knife or instrument of like kind or description or a pistol or firearm of any other kind or an air gun shall, on conviction, be fined not less than $50.00 nor more than $500.00, and may also be imprisoned in the county jail or sentenced to hard labor for more than six months.’
“In construing the conflict between the two sections, this court stated in Braxton:
“ ‘Section 175 [now codified at § 13A-11-73] applies to carrying an unlicensed pistol concealed on the person or in a vehicle, whereas § 161 [now codified at § 13A-11-50], supra, applies to carrying certain enumerated weapons concealed upon the person. Section 161 makes no exception for carrying a licensed pistol and thus insofar as they conflict, § 175 would prevail, it being the later statute and being a complete revision of the subject matter. Stinson v. State, 28 Ala.App. 559, 190 So. 303 (1939). Aside from the question of whether § 175 pro tanto repealed § 161, it is abundantly clear that § 161 never covered the subject of carrying an unlicensed pistol in a vehicle. Section 175, supra, is the only statute which could have been applicable to the situation.’
“Braxton, 350 So.2d at 755. (Emphasis supplied.)
“Here, as in Braxton, there is a conflict between the two statutes. Section 13A-11-52, like § 13A-11-50, does not permit the carrying of a pistol outside of a person’s own premises under any circumstances. However, that section does begin with the phrase ‘[ejxcept as otherwise provided in this article.’ Section 13A-11-73 clearly allows a person with a pistol license to carry a pistol in a vehicle or concealed on the person. Furthermore, in Morris v. State, 342 So.2d 417, 418 (Ala.Cr.App.1977), and Looney v. State, 41 Ala.App. 582, 141 So.2d 535, 536 (1962), this court held that § 13A-11-73 does not prohibit carrying an unlicensed pistol if the pistol is unconcealed and the person is on foot.
“Based on the phrase ‘[ejxcept as otherwise provided in this article’ and this court’s reasoning in Braxton, we hold that § 13A-11-73 is the correct charge for possession of an unlicensed pistol. Section
*545 18A-11-52 applies only the extent that it is consistent with § 13A-11-78 because it is ‘the later statute and a complete revision of the subject matter.’ Braxton, 350 So.2d at 755. Therefore, the state should have been required to prove all of the elements of a violation of § 13A-11-73. This court has repeatedly held that the state must prove that the defendant was not issued a pistol license by the sheriff of the defendant’s county of residence. D.K.F. v. State, 651 So.2d 48 (Ala.Cr.App.1994); Sellers v. State, 507 So.2d 540 (Ala.Cr.App.1985), rev’d on other grounds, 507 So.2d 544 (Ala.1986), on remand, 507 So.2d 545 (Ala.Cr.App.1987); Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App.1979). The state did not present proof that the appellant did not have a license to carry a pistol issued by the sheriff of Jefferson County. Therefore, the state did not meet its burden on this charge.”
Although it appears from the holding in C.D.J. that a prosecutor’s failure to prove that a defendant does not have a license is fatal to a charge under § 13A-11-52 or § 13A-11-73, this is not the case under present caselaw. To the contrary, when such a charge is brought against a juvenile defendant, the State is required to show that the defendant was under the age of 18 at the time of the offense and, therefore, could not legally have been issued a license to carry a pistol on the person. E.M. v. State, 675 So.2d 90 (Ala.Cr.App.1995) (Taylor, P.J. dissenting).
In E.M., a majority of this Court stated:
“According to existing caselaw, the testimony of the sheriff of the accused’s county of residence that the sheriff did not issue the accused a license to carry a gun in a vehicle is evidence that the accused was not properly licensed. Bagony v. Birmingham, 371 So.2d 80 (Ala.Cr.App.1979). This court now holds that the prosecutor may prove that the accused was not issued a license for carrying a gun by offering evidence that the accused was unable to produce a license when requested to do so.”
675 So.2d at 91. In E.M., this Court affirmed a delinquency adjudication on the basis that the prosecution “in this case offered proof that the appellant was under the age of 18 at the time of the offense and that the appellant was not able to produce a license.” 675 So.2d at 91-92 (footnote omitted).
As stated above, the State’s evidence tended to show that the appellant was seen removing a “partial silver object,” which was concealed by his shirt, from his waistband. Further, Officer Dudley testified that he saw the appellant bend down behind a vending machine and, shortly thereafter, he heard a noise that “sounded like a heavy object hitting concrete.” Officer Dudley also stated a silver .9 millimeter firearm was retrieved from behind the vending machine where the appellant was seen bending down. Furthermore, the record shows that, in accordance with E.M., the state proved that the appellant was under the age of 18 and that he had not been issued a license by the Jefferson County Sheriffs Department.
The appellant argues that this Court should reverse because the evidence in this case is circumstantial. “The mere fact that evidence is of a circumstantial nature does not make it deficient; circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused.” Bradley v. State, 577 So.2d 541, 545 (Ala.Cr.App.1990). Viewing the evidence in a light most favorable to the State, we hold that there was sufficient evidence to support the court’s adjudication of delinquency-
III
The appellant also contends that the trial court committed reversible error in denying his motion to dismiss the delinquency petition on the grounds that there was insufficient evidence to find him delinquent on the charge of receiving stolen property in the second degree, a violation of § 13A-8-18.
The crime of receiving stolen property in the second degree consists of intentionally receiving, retaining, or disposing of stolen property that exceeds $100 in value, but does not exceed $1,000 in value “knowing that it has been stolen or having reasonable *546 grounds to believe it has been stolen.” See §§ 13A-8-16(a) and 13A-8-18.
In Smith v. State, 557 So.2d 1322, 1324 (Ala.Cr.App.1989), this Court held:
“Clearly, ‘the prosecution must prove that the accused actually knew that the property was stolen or that he had reasonable grounds to believe it was stolen.’ Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App.1984). However, it is well settled that the ‘possession of recently stolen goods raises a presumption that the defendant had the requisite “knowledge” [that the goods were stolen].’ Goodman v. State, 401 So.2d 208, 210 (Ala.Cr.App.), cert. denied, 401 So.2d 213 (Ala.1981). See also Ala.Code 1975, § 13A-8-16(b). In fact, both ‘the requisite guilty knowledge and intent for the offense of receiving stolen property “may be inferred by the jury from the possession of recently stolen property as well as [from] the facts and circumstances surrounding the entire transaction.” ’ Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App.1984).”
With regard to this charge, Jerry Long, a manager of the firearm’s department at Keith’s Hardware, testified that, on June 22, 1996, five handguns were stolen from the business, one of which was a Ruger .9 millimeter, model KP93, with a serial number of 306-13533. He also stated that the gun was valued at $350. In addition to the testimony of the arresting officer set out above, Officer Jackson testified that the gun retrieved from behind the vending machine had been reported stolen. He further stated that the gun that they found, on July 9, 1996, was a .9 millimeter with a serial number of 306-13533.
Viewing the evidence in a light most favorable to the State under the principles set forth in Powe, supra, we hold that there was sufficient evidence to adjudicate the appellant delinquent for receiving stolen property in the second degree.
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.