WELCH, Judge,
dissenting.
In part II of the unpublished memorandum, the majority rejects Little’s argument that the evidence was not sufficient to prove receiving stolen property, second degree, and his argument that the evidence failed to establish that he knew or had reasonable grounds to believe the gun he possessed was stolen. In the memorandum, the majority sets out the legal principles relevant to the evaluation of sufficiency claims, and then it holds:
“In this case, the officer who inventoried Little’s car testified that he ran a check on the gun and found that it had been stolen from someone in Prichard, Alabama. (R. 155.) Detective Charles Saviak of the Mobile Police Department testified that the gun was a Ruger semiautomatic pistol and that it was determined to have been stolen from Prich-ard; that he made this determination using the gun’s serial numbers; that the gun was not registered to Little and a police report had been filed indicating that it had been stolen; and that he was familiar with the cost of the gun, and that the gun was valued at approximately $550.
“This evidence was sufficient to uphold Little’s conviction for second degree receiving stolen property.
“In K.J. v. State, 690 So.2d 541, 545-46 (Ala.Crim.App.1997), this Court held that the evidence was sufficient to uphold K.J.’s adjudication for second degree receiving stolen property. The State had presented evidence that the pistol in K.J.’s possession had a serial number matching that of a gun stolen from a hardware store, and that the gun was valued at $350. In holding that this evidence was sufficient, this court stated:
“‘In Smith v. State, 557 So.2d 1322, 1324 (Ala.Cr.App.1989), this Court held:
“ ‘ “Clearly, ‘the prosecution must prove that the accused actually knew that the property was stolen or that he had reasonable grounds to believe it was stolen.’ Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App.1984). However, it is well settled that the ‘possession of recently stolen goods raises a presumption *959 that the defendant had the requisite “knowledge” [that the goods were stolen].’ Goodman v. State, 401 So.2d 208, 210 (Ala.Cr.App.), cert. denied, 401 So.2d 213 (Ala.1981). See also Ala.Code 1975, § 13A-8-16(b). In fact, both ‘the requisite guilty knowledge and intent for the offense of receiving stolen property “may be inferred by the jury from the possession of recently stolen property as well as [from] the facts and circumstances surrounding the entire transaction.” ’ Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App.1984).” ’
“K.J. v. State, 690 So.2d at 546.
“Viewing the evidence in the light most favorable to the State, it is clear that sufficient evidence was presented from which the jury could determine beyond a reasonable doubt that Little was guilty of second degree receiving stolen property. Therefore, the trial court properly denied Little’s motion for judgment of acquittal.”
K.J. v. State does not support the majority’s holding here. The majority fails to note that in K.J., the State presented testimony that the firearm K.J. possessed had been stolen on June 22, 1996, and was recovered when K.J. was arrested on July 9, 1996, less than 20 days later. The fact that K.J. was in possession of a recently stolen firearm is what permitted the jury to infer guilty knowledge and intent in that case.
The record in Little’s case contains no testimony about the recency or remoteness of the theft of the firearm found in Little’s possession, only that it had been stolen at some unspecified point in time. During the testimony of Detective Charles Saviak, the following occurred:
“Q. [Prosecutor] What is State’s Exhibit Number 4?
“A. [Det. Saviak] That’s a Ruger semiautomatic pistol that was — came back stolen from the Prichard jurisdiction.
“Q. And how do you know — what is it about that gun, how are you able to identify whether or not it’s stolen or who it belongs to?
“A. Serial numbers.
“Q. Okay. Did that gun have a serial number on it?
“A. Yes, ma’am.
“Q. Okay. And that serial number, was it registered to the Defendant in court?
“A. No, ma’am.
“Q. Okay. And had a police report been filed?
“A. Oh, yes, ma’am.
“Q. Okay. And if you will, tell us — I am sorry, just so — I may have missed it — what type of gun that is.
“A. That’s a Ruger semi-automatic pistol.
“Q. Okay. And about how much do those cost?
“A. Approximately five hundred and fifty bucks.
“Q. Okay. And you are familiar with guns and value of guns?
“A. Yes, ma’am.”
(R. 160-61.)
The only additional testimony about the gun being stolen was Mobile police officer Nathan Young’s testimony in response to a question about whether the gun belonged to Little: “I ran a check on it. The gun actually came back stolen out of Prichard.” (R. 155.)
To establish the crime of receiving stolen property, the State must prove that the defendant knows or has reasonable *960 grounds to believe that the property had been stolen. Furthermore, it is a defendant’s possession of recently stolen goods that raises a presumption that the defendant had the requisite knowledge that those goods were stolen. The record in this case lacks any evidence indicating that Little knew that the firearm was stolen, and no evidence that the firearm had been stolen recently. Therefore, Little’s motion for a judgment of acquittal was well-taken and should have been granted. Because the State failed to prove a prima facie case of receiving stolen property, the case should not have been submitted to the jury, and that conviction should be reversed.
For the foregoing reasons, I dissent from the unpublished memorandum.